## Philadelphia *v.* Reading Company.

Argued February 8, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO and MENCER.

*Matthew W. Bullock, Jr.,* First Deputy City Solicitor, with him *John B. Day,* Assistant City Solicitor, and *Levy Anderson,* City Solicitor, for appellant.

*C. Laurence Cushmore, Jr.,* with him *White and Williams,* for appellee.

OPINION BY JUDGE MANDERINO, October 4, 1971:

The City of Philadelphia in 1969, pursuant to its power of eminent domain, condemned a plot of land on the northwest corner of Sixteenth and Callowhill Streets in Philadelphia. The record title owner listed on the declaration of taking, filed on July 3, 1969, was the Reading Company. Written notice of the condemnation was given to the Reading Company and the owners of a possible reversionary interest which is not at issue here.

Prior to the filing of the declaration of taking, Reading Company entered into an agreement of sale for the land in question with McCullough Howard & Co., Inc., but no deed transfer had occurred. After the condemnation, McCullough Howard & Co., Inc., by its attorney, on August 13, 1969, entered an appearance on the record of this action, as equitable owner under the agreement of sale with the Reading Company.

On December 1, 1969, Reading Company and McCullough Howard & Co., Inc., by their attorneys of record, tendered possession of the land in question to the City of Philadelphia pursuant to the Eminent Domain Code. The condemnees, at the same time they

tendered possession, requested immediate payment of estimated just compensation from the condemnor. When no payment was made, Reading Company petitioned the lower court for a rule to show cause why the City of Philadelphia should not be required to file a declaration of estimated just compensation. The trial court made the rule absolute and on March 24, 1970, entered an order requiring the City, as Condemnor, *to file a declaration of estimated just compensation.* Following this order, an appeal was filed in the Supreme Court by the City of Philadelphia. Pursuant to the Appellate Court Jurisdiction Act (Act of July 31, 1970, P. L.    , Act No. 223, 17 P.S. 211.101 et seq.), this case was transferred to the Commonwealth Court.

In this action, the Reading Company seeks to have this appeal quashed on the grounds that the trial court's order of March 24, 1970 was not an appealable order. The Eminent Domain Code provides for a right of appeal only "from any final order or judgment of the court of common pleas." (Act of June 22, 1964, P. L. 84, Art. V, §523, 26 P.S. 1-523 (1971)). The City contends that the order of the trial court, requiring it to file a declaration of estimated just compensation, is a final order. We do not agree that the order appealed from is a final order.

Section 407 (b) of the Eminent Domain Code (Act of June 22, 1964, P. L. 84, Art. V, §407, 26 P.S. 1-407 (b) (1971)) provides: "If within sixty days from the filing of the declaration of taking the condemnor has not paid just compensation . . ., the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor. If the condemnor fails to make such payment *the court,* upon petition of the condemnee, *may compel the condemnor to file a declaration of estimated just compensation or,* if the condemnor fails or refuses

to file such declaration, *may* at the cost of the condemnor *appoint an impartial expert appraiser to estimate such just compensation. The court may, after hearing, enter judgment for the amount of the estimated just compensation.*" (Emphasis supplied.)

The trial court's order of March 22, 1970, was merely an intermediate step in a statutory procedure passed by the Legislature to guarantee payment of compensation to a condemnee. In this case, since more than sixty days had passed since the taking occurred, the condemnees tendered possession in writing and requested compensation, according to the provisions of Section 407. When the City, as condemnor, failed to compensate the condemnees, they petitioned the court to compel the City to file a declaration of estimated just compensation, again in accordance with the provisions of Section 407. Thus, the condemnees were merely following the procedure set out in the Eminent Domain Code and had only reached an intermediate step when this appeal interrupted their proceedings. The provisions of the statute quoted above obviously contemplate *several additional steps,* such as a hearing and a judgment of the court, before the condemnor is compelled to pay anything to the condemnee. The order of the trial court ordering the City to file the declaration of estimated just compensation was therefore not a final order because it did not "terminate the litigation between parties to the suit by precluding a party from further action in that court." *Middleberg v. Middleberg,* 427 Pa. 114, 233 A. 2d 889 (1967).

Because the order of the trial court was not a final, appealable order, the motion of the condemnee to quash this appeal brought by the condemnor, is granted.