Traymore Associates, Appellant *v.* Board of Supervisors of Northampton Township, Bucks County, Pennsylvania, Appellee.

Argued April 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Harry C. Barbin,* with him *Barbin, Lauffer & O'Connell,* for appellant.

*Robert C. Steiger,* for appellee.

OPINION BY JUDGE WILKINSON, May 21, 1976:

Appellant is the owner of approximately 20 acres of land, known as Northampton Industrial Park II, Section 4, situate at the end of Industrial Drive, Northampton Township, Bucks County. On February 27, 1974, a preliminary subdivision plan was submitted to appellee which was deemed approved when appellee failed to act on it within 90 days as provided by the Pennsylvania Municipalities Planning Code (PMPC).[1]

On June 3, 1974, the Pennsylvania Department of Transportation (PennDOT) revoked the highway occupancy permit previously issued to Northampton Township for the entrance of Industrial Drive to Jacksonville Road because of drainage problems at that intersection. The only access to appellant's proposed subdivision is over Industrial Drive, the only entrance to which is now unauthorized by PennDOT. It should be noted that all the surface water on appellant's land flows away from the Jacksonville Road-Industrial Drive intersection and that appellant's plan will have no impact on the flooding in that area.

Appellant submitted to appellee, for its approval, the final subdivision plan on July 16, 1974. The final plan was, in all material aspects, identical to the preliminary plan which had been deemed approved. Appellee, at a public

---

1. Act of July 31, 1968, P.L. 508, *as amended,* 53 P.S. §10508.

meeting in September, 1974, refused to approve the plan on the basis that in the time interval between submission of the preliminary plan and the final plan, the private access road to the tract became legally unusable by reason of PennDOT's revocation of the permit whereby the access road was permitted to open onto a state highway.[2]

On October 15, 1974, appellant filed an appeal from appellee's decision to the Court of Common Pleas of Bucks County pursuant to Section 1006 of the PMPC.[3] After accepting additional evidence, on July 10, 1975, the court entered an opinion and order affirming the refusal of appellee to approve appellant's subdivision plan, with the provision that such approval be granted at such time as a permit for the reopening of Industrial Drive on Jacksonville Road is issued.[4] It is from this determination that the instant appeal is taken.

Appellant raises two issues on appeal to this Court. First, appellant contends that the appellee and the court below failed to specify the defects in its application as required by law. Second, appellant contends that, when a preliminary application has been approved, the applicant is entitled to final approval in accordance with the terms of the approved preliminary plan.

---

2. Inadequate drainage plans were also cited but this difference has been amicably resolved between the parties to this action, and objection on this ground has been withdrawn by appellee.

3. 53 P.S. §11006.

4. The order of the Court of Common Pleas of Bucks County, by the Honorable Judge WALSH, states:

"AND NOW, this 10th day of July, 1975, it is ordered that the refusal of the supervisors of Northampton Township to grant approval of the final plan of sub-division is affirmed. It is further ordered that at such time as the Commonwealth of Pennsylvania shall issue a permit for the reopening of Industrial Drive on Jacksonville Road, the supervisors shall grant approval of the final plan."

However, appellant misreads the decision of the court below. The order does not deny the final plan, but rather orders a grant of approval conditioned on the issuance of a permit by the Commonwealth for the reopening of a public access road to appellant's land.

In *Harrisburg Fore Associates v. Board of Supervisors*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975), this Court reversed the decision of a court of common pleas affirming the denial of final plan approval, noting that prior to opening the access road to the proposed development, the developer would be required to obtain a permit from PennDOT. Judge CRUMLISH, speaking for the Court, stated:

> "To us, it would appear to be more reasonable and consistent with the mandate of Section 508(2) to condition final subdivision approval upon the issuance of this opening permit rather than abort the plan at conception." 21 Pa. Commonwealth Ct. at 143, 344 A.2d at 281-82.

The lower court was reversed and the decision remanded, with the suggestion that the plan be approved subject to receipt of all required state approvals.

Thereafter, in *Valley Run, Inc. v. Board of Commissioners of Swatara Township*, 21 Pa. Commonwealth Ct. 649, 347 A.2d 517 (1975), this Court again noted the propriety of requiring PennDOT permits prior to subdivision. The Court, by Judge BLATT, stated:

> "PennDOT, of course, has the responsibility for administering the issuance of its own permits, although, as we noted in Harrisburg Fore, supra, it may be appropriate for a municipality to condition final subdivision approval upon the issuance of a permit from PennDOT."

Approval of the final subdivision plan conditioned on issuance of a PennDOT permit for an access road is a most appropriate resolution to this case. It achieves the

purpose of Section 508 (4) of the PMPC of protecting the developer from changes brought about by the Township[5] during the pendency of applications for approval while recognizing the right of local governing bodies to act to protect the public from the hazards of subdivision of property to which there is no egress or ingress for purchasers, occupants or emergency vehicles.

The only impediment to approval of appellant's final plan is the absence of a valid highway permit for access to the tract of land in controversy. Appellant is afforded all the protections granted by the PMPC in that he is entitled to approval without further hearing when and if this condition precedent is satisfied.

Accordingly, we enter the following

## ORDER

Now, May 21, 1976, the order of the Court of Common Pleas of Bucks County, conditioning approval of appellant's final subdivision plan on issuance of a permit for the reopening of Industrial Drive on Jacksonville Road by the Commonwealth of Pennsylvania, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.

---

5. Section 508(4), by its language, applies only to legislative changes during the pendency of an application, e.g., "no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision. . . ." In the instant case, the material change between the preliminary plan and the final plan was that the tract no longer had an approved access road. PennDOT's action in granting and revoking access permits is totally independent of the local subdivision within which the road is located. *Nagorny v. Zoning Hearing Board*, 4 Pa. Commonwealth Ct. 133, 286 A.2d 493 (1972).