Richard G. Hogentogler et al., Appellants *v.* Windsor Township Zoning Hearing Board et al., Appellees.

452

Argued February 5, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Harry C. Elsesser, Jr.,* for appellants.

*John M. Boddington, Budding, Boddington & Kehm,* for appellee and intervenor.

OPINION BY JUDGE MACPHAIL, March 26, 1982:

Appellants[1] appeal from an order of the Court of Common Pleas of York County which dismissed their appeal from a decision of the Windsor Township Zoning Hearing Board (Board) which granted a special exception application filed by Albert J. Howard (Intervenor).

The record in this case discloses that Intervenor applied for a special exception on September 2, 1980 to allow him to convert a quonset-type barn and a shed into eight townhouses. The barn and shed are located on a 10 acre portion of a 50 acre tract of land owned

---

[1] Richard G. and Emma F. Hogentogler, Earl N. Dillman, Charles F. Siford. Jr. and Verna Siford.

by Intervenor.[2] The tract is located in an R-1 district which allows "residential conversion units" by special exception. Following a hearing held on September 24, 1980, the Board granted Intervenor's application. Appellants, who participated in the hearing before the Board, appealed to the court of common pleas, which, without taking additional evidence, dismissed the appeal.

Appellants raise two issues in their appeal to this Court: 1) whether the Board committed an abuse of discretion or an error of law when it granted Intervenor's application for a special exception, and 2) whether the court of common pleas erred in refusing to take additional evidence.

Where, as here, the court below has taken no additional evidence, our scope of review is limited to a determination of whether the Board committed an abuse of discretion or an error of law. *Brunner v. Upper Makefield Township Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974).

With respect to the first issue before us, Appellants specifically argue that Intervenor did not establish that his proposal met the Windsor Township zoning ordinance's definition of "residential conversion unit." It is, of course, true that Intervenor had the burden of persuasion and the duty of presenting evidence that his proposal complied with the terms of the ordinance which governed the grant of his application. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

Section 202 of the Township zoning ordinance defines "residential conversion unit" as follows:

---

[2] The eight townhouses would be in addition to four existing townhouses located on the same tract of land. The existing townhouses were created by converting a farmhouse on the tract and are located approximately 60-70 feet from the barn and shed here at issue.

To be considered a conversion, any proposed alteration must be confined to the interior of an already existing structural shell. Any proposal to extend the sides or increase the height of an existing structure shall not be considered a conversion and shall be required to meet the appropriate provisions established in that district for that particular use.

In order to establish his compliance with this provision of the ordinance, Intervenor testified before the Board that the sides of the subject barn and shed would not be extended and that the height of the structures would not be increased as a result of the conversion. Intervenor also testified, however, that the shape of the roof of the barn would be substantially altered by the conversion. Appellants contend that because Intervenor intends to alter the roof his proposal does not constitute a conversion. We believe, however, it is reasonable to interpret the ordinance definition to specifically prohibit only the extension of sides or an increase in the height of the structure to be converted. Thus, in our opinion the second sentence in the definition can reasonably be read as modifying the first sentence. This interpretation is in keeping with the rule that restrictive language in zoning ordinances must be strictly construed in order to allow the widest use of property. *West Whiteland Township v. Exton Materials, Inc.,* 11 Pa. Commonwealth Ct. 474, 314 A.2d 43 (1974).

We must also reject Appellants' argument that only a residential structure may be converted to another residential use under the ordinance. This construction is clearly too restrictive since the ordinance does not by its terms limit the type of structure which may be converted. We, accordingly, conclude that the Board did not abuse its discretion or commit an error of law in granting Intervenor's application.

Appellants' next argument is that the lower court erred when it refused to accept additional evidence in the form of a sketch of Intervenor's proposed conversion and photographs of Intervenor's barn and shed. This evidence was available at the time of the hearing before the Board but was not entered into the record.

The law is clear that whether additional evidence is permitted in a zoning appeal rests with the lower court's discretion. *Boron Oil Co. v. City of Franklin*, 2 Pa. Commonwealth Ct. 152, 277 A.2d 364 (1971); R. Ryan, Pennsylvania Zoning Law and Practice §9.5.9 (1981). Since Appellants do not contend that the Board denied their right to be heard or excluded any relevant evidence offered by them we find no abuse of discretion by the lower court in refusing to permit the additional evidence, which, again, was available at the time of the hearing before the Board. *See Boron Oil Co.*

Appellants' final contention is that Intervenor failed to meet certain requirements of the zoning ordinance in completing his application for a special exception. The lower court found that this issue had been waived because it was not raised in Appellants' notice of appeal. *See* Section 1008(1) of the Pennsylvania Municipalities Planning Code.[3] We, of course, cannot consider an issue which was not properly raised before the lower court. *See Snyder v. Railroad Borough*, 59 Pa. Commonwealth Ct. 385, 430 A.2d 339 (1981). We also note that Appellants' statement of questions does not set forth or suggest that this issue would be raised in the instant appeal. We ordinarily, therefore, would not consider the issue even if it had not been waived below. Pa. R.A.P. 2116(a).

Order affirmed.

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008.

456

ORDER

AND Now, this 26th day of March, 1982 the order of the Court of Common Pleas of York County dated April 3, 1981, No. 80-S-3800, is hereby affirmed.