## Arthur J. Bloom, Appellant v. Lower Paxton Township, Appellee.

Argued January 31, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Richard W. Cleckner*, with him *Gary C. Bender, Cleckner and Fearen*, for appellant.

*Bernadette Barattini*, with her *Richard H. Wix, Wix, Wenger & Weidner*, for appellee.

OPINION BY JUDGE CRAIG, March 11, 1983:

Arthur J. Bloom, representing Harrisburg Fore Associates (developer), appeals an order of the Dauphin County Common Pleas Court, which sustained the decision of the Lower Paxton Township Board of Supervisors to deny the developer an extension of time in which to secure final approval of his subdivision plan.

On November 15, 1973, the developer submitted a preliminary plan to the township planning commission, describing a proposed townshouse apartment complex of 708 units called "Pond Ridge Village," located on a 79-acre tract in an area zoned R-2 (permitting apartment units) under the township zoning ordinance. On February 18, 1974, the supervisors rejected the plan because of traffic safety reasons. On appeal, the common pleas court affirmed the supervisors' decision, after hearing testimony from representatives of the Pennsylvania Department of Transportation, who testified that the department would not issue permits for road development because the proposed development was unsafe.

Subsequently, in *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975), this court reversed the common pleas court decision and remanded the case to the supervisors to grant final subdivision approval, conditioned upon the issuance of the required transportation permits. After a lengthy delay,[1] the developer submitted plans to the supervisors, who preliminarily approved these plans on November 6, 1978.

On May 19, 1980, the developer, after being unable to obtain sewer permits from the Pennsylvania De-

---

[1] This court issued its decision on August 27, 1975. After not hearing from the developer, the township, on June 17, 1976, sent a letter to the developer directing him to proceed with the submission of additional plans within sixty days. After that sixty-day period, the township filed a petition to discontinue the appeal of the developer and served a rule to show cause upon the developer's counsel. On May 9, 1978, the township notified the developer that the petition to discontinue was being listed for pre-trial argument court on June 12, 1978. The developer answered the petition on May 25, 1978, and after argument, the presiding judge entered an order on June 15, 1978, directing the developer to proceed within ninety days of that order to submit a plan. The developer complied with that order.

partment of Environmental Resources (DER), applied to the supervisors for an extension of the protective period set forth in section 508(4) of the Pennsylvania Municipalities Planning Code (MPC),[2] which establishes a three-year period following either preliminary or final subdivision approval in which any subsequent change or amendment in a zoning, subdivision or other governing ordinance is rendered inapplicable as to that subdivision.[3] The developer was concerned that, once the three-year period expired, the proposed subdivision would be subject to the township's 1974 rezoning of the property from R-2 to R-1; no apartment dwellings are permitted in an R-1 district. Nevertheless, the township declined to extend the three-year protective period.

The developer first alleges that the common pleas court should have remanded the case to the supervisors because the supervisors failed to include written findings of fact as required by sections 555 and 754(a) of the Local Agency Law, 2 Pa. C. S. §§555, 754(a). Section 555 provides:

"All adjudications of local agencies shall be in writing, shall contain findings and the rea-

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508(4), which provides, in relevant part:

When an application for approval of a plat, whether preliminary or final, has been approved or approved subject to conditions acceptable to the applicant, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any aspect of the approved development in accordance with the terms of such approval within three years from such approval. Where final approval is preceded by preliminary approval, the three-year period shall be counted from the date of the preliminary approval.

[3] This application was made under section 1115.03(a) of the township ordinance which permitted the board of supervisors to grant an extension to that three-year period upon written request.

sons for the adjudication, and shall be served upon all parties or their counsel personally or by mail.''

Section 754(a) provides:

''In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.''

The trial court here adopted neither of the alternative courses under section 754(a).

However, the absence of formal findings of fact is not fatal. *Harjef's Corp. v. City of Philadelphia Tax Review Board*, 16 Pa. Commonwealth Ct. 63, 329 A.2d 325 (1974). Where an appellant's motion and posture in the court of common pleas indicate a full understanding of the administrative body's action, we need not remand. *Id.* Here, the developer was aware of the rationale behind the board's decision; his brief demonstrates a thorough understanding of the problems surrounding the proposed nature of his development scheme, noting that, "after repeated meetings and contacts with both the Township Sewer Authority and the Department of Environmental Resources, there seems to be no workable solution at the present time to the lack of sewage facilities.'' Thus, to remand this case would have served no purpose.

The developer next asserts that the supervisors abused their discretion[4] in not granting the developer

---

[4] Where, as here, the court of common pleas took no additional evidence, our scope of review is limited to determining whether the board of supervisors abused its discretion or committed an error of law in not granting the developer an extension of the three-year time period. *Board of Supervisors of Bensalem Township v. DiEgidio*, 40 Pa. Commonwealth Ct. 209, 396 A.2d 920 (1979).

an extension beyond the three-year time period granted in section 508(4) of the MPC, because, since 1979, when the DER imposed a moratorium on the issuance of additional sewer connection permits in the township, he has been unable to obtain permits needed to secure final approval.[5] To support his position, the developer cites *Traymore Associates v. Northampton Township*, 24 Pa. Commonwealth Ct. 564, 357 A.2d 729 (1976).

However, in *Traymore*, we relied on *Harrisburg Fore Associates* and *Valley Run, Inc. v. Board of Commissioners of Swatara Township*, 21 Pa. Commonwealth Ct. 649, 347 A.2d 517 (1975), and held that where a municipality was uncertain as to whether a state agency would issue required permits, the municipality should not deny approval of the subdivision plan, but, rather, should grant approval subject to the issuance of those required permits. We noted that a municipality's approval of a final subdivision plan conditioned on the issuance of a state agency permit "achieves the purpose of section 508(4) of the [MPC] of protecting the developer from changes brought about by the township during the pendency of applications for approval while recognizing the right of local governing bodies to act to protect the public from the hazards of subdivision of property. . . ." *Id.* at 568, 357 A.2d at 731. Thus, had the developer sought final approval within three years of obtaining preliminary approval, the township would have been required

---

[5] The township, at the hearing, expressed concern that a large subdivision on the developer's property would cause problems because of inadequate sewage facilities, a fear substantiated by the DER's moratorium. Furthermore, because of the developer's failure for three years to submit a revised plan following this court's 1975 decision, and his subsequent failure to submit a plan for final approval since 1978, the township was concerned about leaving itself vulnerable to uncertain planning for an extended time.

to grant approval subject to the issuance of the required sewer permits.

That a municipality is bound to grant approval in these circumstances, subject to the issuance of required state permits, reflects the fact that the developer has satisfied the municipality's land use requirements, and is in conflict only with regulations of a state agency. That being the case, any legal dispute regarding the issuance of the permits should involve the developer and the agency, not the municipality.

Only by requiring the developer to pursue final approval can situations be avoided where the municipality, by having to grant or deny an extension of the three-year period, is forced to resolve a conflict between the developer and a state agency. Therefore, we here must hold that a developer, who is unable to obtain required state permits, must seek final approval under section 508 of the MPC, even if he only can receive conditional final approval; merely seeking an extension from the municipality of the three-year protective period granted under section 508 does not relieve him of this requirement.

We recognize, however, that we have never before encountered the necessity for this holding, in the context of application proceedings facing the expiration of the three-year protective period. Therefore, we will make our ruling effective only prospectively; in this case, we will modify the order of the common pleas court, to grant the developer ninety days to submit his plan to the township for final approval, which the township shall consider in the light of our decisions in *Traymore* and *Harrisburg Fore Associates*.

## Order

Now, March 11, 1983, the order of the court of common pleas of Dauphin County, entered February 9, 1981, at No. 3431S 1980, is hereby modified. Appellant

Arthur J. Bloom is granted an extension of the three-year protective period provided in section 508 of the MPC. This extension shall last for ninety (90) days following the date of this order. Following the expiration of this extension period, submission of appellant's plan shall be subject to the township's existing zoning and land use requirements.