**Sol GROSS, Trustee for Panther Hollow Corporation and Panther Hollow Corporation,**

v.

**CITY OF PITTSBURGH, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Nov. 14, 1996.

Reargument Denied Jan. 17, 1997.

John T. McVay, Jr., Assistant City Solicitor, Pittsburgh, for Appellant.

Maurice A. Nernberg, Pittsburgh, for Appellees.

Before SMITH, FLAHERTY, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The City of Pittsburgh (City) appeals from an order of the Court of Common Pleas of Allegheny County, dated May 15, 1996, that granted a motion for just compensation on behalf of Panther Hollow Corporation (Panther Hollow) and directed the City, in accordance with the City's appraisal report in a related federal case, to pay Panther Hollow the sum of $2,000,000 as estimated just compensation. The questions presented are whether the City is entitled to file an estimate of just compensation under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101—1–903, and whether an appraisal

made for purposes of related federal court litigation is binding upon the City in the state eminent domain proceeding.

By agreement of sale dated July 21, 1988, Panther Hollow purchased from Sol Gross a tract of land that consists of approximately 27.8865 acres and is located at 120 Boundary Avenue in the Panther Hollow section of Pittsburgh. In July 1989, Panther Hollow was issued a land operations permit under the City's Building Code to construct a parking lot on the property. On November 9, 1989, the City revoked Panther Hollow's permit. Panther Hollow appealed, and the City's Board of Standards and Appeals sustained the revocation. The common pleas court reversed the Board and reinstated the permit. On December 1, 1989, the City placed concrete barriers directly on Panther Hollow's property without its permission, thereby blocking access to the property. On February 14, 1990, Panther Hollow filed a petition in the court of common pleas for the appointment of a board of viewers, alleging a de facto taking as of December 1, 1989. The City filed preliminary objections denying that a de facto taking had occurred; however, no further action was taken in the state court case until 1996.

In November 1991, Panther Hollow filed a civil rights action under 42 U.S.C. § 1983 against the City and other defendants in the Federal District Court.[1] The case proceeded to trial by jury, and on February 26, 1996, the jury returned a special verdict finding that the City had violated Panther Hollow's civil rights under Section 1983. On March 11, 1996, the jury awarded Panther Hollow $565,824 in damages. Also noted in the verdict slip was the jury's determination of the fair market value of Panther Hollow's property before and after the November 9, 1989 revocation of its permit. The jury determined the fair market value to be $2,000,000 after the revocation of the permit. Following the federal court jury verdict, the City withdrew its preliminary objections, which resulted in an admission by the City that a de facto taking had occurred on December 1, 1989.

■ Panther Hollow then filed a motion for just compensation before the trial court, which issued a rule to show cause giving the parties thirty days to take depositions and gather evidence. A deposition was taken of Charles A. Weisberg, the City's appraiser, who previously testified in the civil rights case that the fair market value of the property at the time of the taking was $2,000,000. Panther Hollow also introduced into evidence before the trial court Weisberg's appraisal report, the City's responses to interrogatories and excerpts from the record in the federal trial. The City did not present any contradictory evidence. Based upon Weisberg's appraisal, the trial court granted Panther Hollow's motion for just compensation and entered its May 15, 1996 order directing the City to pay Panther Hollow $2,000,000 in just compensation.[2]

■ The City contends that the trial court erred in directing the City to pay Panther

---

1. 42 U.S.C. § 1983 (1996) provides in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. This Court's scope of review in this eminent domain case is limited to determining whether the trial court's findings and conclusions are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Glen Lincoln, Inc. v. Depart-*

*ment of Transportation,* 658 A.2d 881 (Pa. Cmwlth.1995).

> As to the appealability of the trial court's order, this Court, per Senior Judge Warren Morgan, issued a June 21, 1996 memorandum and order denying Panther Hollow's "emergency motion for sanctions and to quash appeal" on the ground that the May 15, 1996 order granting the motion for just compensation is essentially a final order and therefore properly appealable under Pa. R.A.P. 313(b), even though collateral matters remain pending before the trial court (a board of viewers was appointed and a view and hearing are scheduled for December 6, 1996). *See Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978) (an order is considered final if it is separable and collateral to the main cause of action, too important to be denied review and will result in irreparable injury).

Hollow the amount of the appraisal utilized by the City in the federal court litigation. Citing *City of Philadelphia v. Reading Co.*, 3 Pa.Cmwlth. 324, 281 A.2d 779 (1971),[3] the City contends instead that the correct and exclusive procedure for determining just compensation in the present case is governed by Section 407(b) of the Eminent Domain Code, 26 P.S. § 1–407(b). That section provides:

> If within sixty days from the filing of the declaration of taking, the condemnor has not paid just compensation as provided in subsection (a) of this section, the condemnee may tender possession or right of entry in writing and the condemnor shall thereupon make payment of the just compensation due such condemnee as estimated by the condemnor. If the condemnor fails to make such payment the court, upon petition of the condemnee, may compel the condemnor to file a declaration of estimated just compensation or, if the condemnor fails or refuses to file such declaration, may at the cost of the condemnor appoint an impartial expert appraiser to estimate such just compensation. The court may, after hearing, enter judgment for the amount of the estimated just compensation.

Specifically, the City argues that Panther Hollow's motion to compel just compensation was premature because the issue of whether a taking had occurred was not resolved until the City withdrew its preliminary objections on March 8, 1996 and that, under Section 407(b), the next step would be for the City to file an estimate of just compensation. The City further maintains that Panther Hollow's remedy under Section 407(b) is limited to a petition to compel the City, as condemnor, to file a declaration of estimated just compensation or, if the City fails to do so, to appoint an impartial expert appraiser to estimate just compensation. Citing *In re Condemnation by City of Philadelphia of Leasehold of Airportels, Inc.*, 40 Pa.Cmwlth. 409, 398 A.2d 224 (1979), the City also suggests that the trial court may enter judgment awarding compensation only where there is clear evidence of bad faith in the nature of egregious misconduct in failing to make the declaration and that no such evidence was presented here.

Panther Hollow, nonetheless, contends that the trial court was correct in holding that there was no need to comply with the intermediate requirement of Section 407(b) that the condemnor file an estimate of just compensation because the City's appraisal report was a part of the record and established the fair market value of the property as of all relevant dates. The trial court noted Weisberg's federal court testimony on March 6, 1996 that as of that date the fair market value of the property had not changed and still remained at $2,000,000. Panther Hollow consequently urges this Court to hold that the City is judicially estopped from rejecting its appraiser's estimate of fair market value.

The City claims that the appraisal used in the federal court case is not binding on the City and that, although the special jury verdict decided the value of the property with and without the permit to construct a parking lot, the issue in the state eminent domain case is the fair market value of the property at the time of condemnation. Therefore, according to the City, in determining this issue the trial court must take into account the highest and best uses for the property. In this context, the City notes that its principal concern is that there may be a need for an environmental assessment of the property to determine whether there is any contamination that may require remediation and that the Weisberg appraisal merely assumed there was no such contamination. In his deposition given in the state eminent domain proceeding on April 29, 1996, Deputy Mayor Thomas Cox testified that, although the City acknowledged a de facto taking of the subject property after receipt of Weisberg's appraisal, the City has neither undertaken any other

---

**3.** In *City of Philadelphia,* the Court held that the trial court's order directing the condemnor to file a declaration of estimated just compensation is an intermediate unappealable order rather than a final appealable order. The holding in that case has very little, if any, relevance to the issues in the present case and offers no support for the City's position that it was entitled to file a declaration of estimated just compensation.

appraisal nor has it employed anyone to do so since.

In *Ligon v. Middletown Area School Dist.*, 136 Pa.Cmwlth. 566, 584 A.2d 376 (1990), this Court noted the established rule that under the doctrine of judicial estoppel a party is precluded from switching positions or asserting contrary positions in the same or related actions. Moreover, "[f]ederal courts have long applied this principle of estoppel where litigants 'play fast and loose' with the courts by switching legal positions to suit their own ends." *Id.*, 136 Pa.Cmwlth. at 573, 584 A.2d at 380. Furthermore, in *Tops Apparel Mfg. Co. v. Rothman*, 430 Pa. 583, 244 A.2d 436 (1968), the Pennsylvania Supreme Court stated that admissions contained in the pleadings and stipulations are usually regarded as "judicial admissions" and cannot be later contradicted by the party who made them.

■ Under the doctrine of judicial estoppel, the City may not now introduce contrary evidence in an attempt to disprove the Weisberg appraisal evidence presented in the federal trial. *Ligon.* Accordingly, the City is estopped from advancing a contrary position in the state eminent domain proceeding. As stated by the court in *Resolution Trust Corp. v. Farmer*, 823 F.Supp. 302 (E.D.Pa.1993), the purpose of the doctrine of judicial estoppel is to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires. The City is bound by its appraisal of the subject property and may not introduce contradictory evidence in the eminent domain proceeding merely because it better suits the City's position. The order of the trial court requiring the City to pay $2,000,000 in just compensation to Panther Hollow is, therefore, affirmed.

PELLEGRINI, J., did not participate in the decision in this case.

### ORDER

AND NOW, this 14th day of November, 1996, the order of the Court of Common Pleas of Allegheny County is affirmed.