Eleanor MORRIS, Appellant

v.

### SOUTH COVENTRY TOWNSHIP BOARD OF SUPERVISORS.

Commonwealth Court of Pennsylvania.

Argued April 4, 2006.
Decided May 9, 2006.

Robert J. Sugarman, Philadelphia, for appellant.

Wendy W. McLean, Malvern, for appellee, South Coventry Township Board of Supervisors.

Louis J. Colagreco, Jr., Exton, for appellee, Heritage Building Group.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

Eleanor Morris (Objector) appeals from an order of the Court of Common Pleas of Chester County (trial court) that affirmed the grant of final approval by the South Coventry Township (Township) Board of Supervisors (Board) of a subdivision and land development plan submitted by the Heritage Building Group (Developer) with conditions.

Developer is the equitable owner of the Symons Farm Tract (Property) which consists of 81.42 acres located along Pennsylvania Route 100, south of Pennsylvania Route 23 and bisected on the southern edge by Daisy Point Road of which 66.861 acres is zoned Agricultural (AG) with the remaining 14.559 acres zoned Commercial (C). Developer proposed to subdivide and develop the acres zoned AG into 46 residential lots as follows: 44 lots designated single-family residential situated on approximately 33 acres and two lots (numbers 45 and 46) designated as open space on the other 33 acres. Developer also proposed to develop the acres zoned C into two independent lots traversed by a proposed new public road: one lot of 8.1 acres would house two single-story buildings totaling 27,900 square feet with 166 parking spaces and one lot of 4.3 acres would house a two-story building totaling 25,000 square feet with 113 parking spaces. Developer filed an Application for Review of a Preliminary Plan with the Township for the AG district parcel and one for the C district parcel, noting on each the acreage of the associated parcel. On April 17, 2002, the Board preliminarily approved the preliminary plan subject to conditions.

Objector, whose property abuts the Property to the south, timely filed a Land Use Appeal of the Board's preliminary plan approval to the trial court, which affirmed. Objector then appealed to this Court and we affirmed. *See Morris v.*

*South Coventry Township Board of Supervisors,* 836 A.2d 1015 (Pa.Cmwlth.2003) (*Morris 1* ). Developer submitted its final subdivision plans to the Board on October 24, 2002, and the Board and Developer agreed to several extensions of time within which the Board was required to reach its decision.

From October 2002, when Developer submitted its final subdivision plans to the Board, until the Board reached its decision in August 2003, the Township Engineer reviewed Developer's plans and Developer worked toward revision of the final plans to rectify any issues raised by the Board and/or the Township Engineer. By letter dated August 12, 2003, the Board granted Developer final plan approval, subject to the following five conditions:

(1) The Township, upon final review and recommendation by the Township Solicitor, shall have approved the execution copy of all documentation dealing with the homeowners association, deed restrictions, cross easements, stormwater management facility maintenance and open space management;

(2) [Developer] shall have obtained all of the required governmental approval which shall include approval of the Act 537 sewage facilities planning module; letter of adequacy from the Chester County Conservation District; NPDES Stormwater Discharge Permit; NPDES Part II Wastewater Permit; Chapter 105 Water Obstruction and Encroachment Permit; and [PennDOT] Highway Occupancy permit;

(3) [Developer] shall have completed its land development agreement and posted financial security in an amount approved by the Township Engineer to guarantee completion of all required improvements;

(4) [Developer] shall have funded the contribution (required by the preliminary plan approval) of $70,000; and

(5) [Developer] shall incorporate and implement Best Management Practices in its design of the drainage swales proposed for the site, in accordance with the review letter by the Township Engineer dated July 7, 2003, which Best Management Practices shall have been approved by the Township upon final review and recommendation by the Township Engineer.

On September 8, 2003, Objector filed a Notice of Land Use Appeal of the Board's final approval. Shortly after filing her notice of appeal, Objector filed a petition for evidentiary hearing and Developer filed a notice of intervention. The trial court entered an order on October 18, 2004, remanding this case to the Board to allow Objector to introduce into the record specific documents and to allow her to present argument related to those documents.[1] Additionally, the October 18, 2004 order directed Developer to produce evidence of compliance with condition five of the final plan approval, and Objector was given the opportunity to comment and respond to Developer's submission. The Board was then directed to file a supplement to the record within 90 days.

The Board held the remand meeting on January 3, 2005, and issued a letter on January 6, 2005, re-affirming its approval of Developer's final plan. The January 6, 2005 letter found that condition five dealing with stormwater management was satisfied and imposed additional conditions, but those conditions did not supersede any of the conditions from the August 12, 2003 letter. The Board filed a supplement to the record on January 14, 2005, and a second supplement to the record on January 28, 2005.[2]

---

1. The October 18, 2004 remand order specifically stated that: "[Objector] may introduce into the record all of the Documents listed in Exhibits 1 and 1A hereto and made a part thereof ... [Objector] may present argument related to these documents."

2. Neither the supplement to the record nor the second supplement included a transcript of the January 3, 2005 meeting. On June 10, 2005, at oral argument on Objector's Renewed Motion for Evidentiary Hearing and Developer's Motion to Strike Brief of Appellant Due to Inclusion of Evidence Not of Record, the parties agreed to supplement the record with the transcript of the January 3, 2005 remand meeting. In an order dated June 20, 2005, the trial court denied Objector's Renewed Motion for Evidentiary Hearing, relying in part on the parties' representations at oral argument that the January 3, 2005 transcript would be included to supplement the record. In a separate order filed the same day, the trial court granted in part and denied in part Developer's Motion to Strike Objector's brief. On July 19, 2005, the trial court entered an order that the January 3, 2005 transcript be included in the record in this appeal and directed counsel for the Township to return and file the transcript as a supplement to the record.

Oral argument on the merits of the appeal was held on July 25, 2005, and the trial court addressed the issue of the January 3, 2005 transcript and allowed the parties to explain their positions. After clarification from Objector's counsel that she did not wish to supplement the record with the January 3, 2005 transcript without a *de novo* review by the trial court, the trial court vacated its July 19, 2005 order. On July 28, 2005, the Board filed a third supplement to the record on which the trial court did not rely in making its October 11, 2005 decision. By order dated February 13, 2006, this Court ruled: (1) that prior opinions of the trial court and this Court may be included in the reproduced record; (2) the documents that are part of Objector's motion and brief below are part of the certified record, albeit never introduced into evidence and when cited shall be clearly identified as not admitted; and (3) briefs previously filed at other document numbers and not introduced into the record are not includable.

On October 11, 2005, the trial court based its findings of fact and conclusions of law on the record established by the Board and held that the Board properly issued conditional approval of Developer's final plan. Objector appealed, and on December 12, 2005, the trial court affirmed stating that the Board did not abuse its discretion or commit an error of law. Objector appealed the trial court's decision to this Court for its review.[3]

## I.

Objector raises several issues that do not go to the underlying merits. She contends that she did not receive a full and complete hearing below because the Board and the trial court precluded her from offering all the evidence that she wanted, and the case should be remanded for a *de novo* hearing. She also contends that because of a representation made by the Developer in *Morris 1*, the doctrine of "judicial estoppel" applies precluding the Board from approving the final plan with conditions.

## A.

As to whether she received a full and complete hearing, Objector contends that the trial court should have reviewed the case *de novo* because the Board failed to make findings of fact, refused Objector the opportunity to fully present her case, and withheld from the certified record relevant evidence that was offered. Objector concludes that the trial court abused its discretion in failing to allow additional evidence because the Board "truncated" the record by excluding documents from the certified record, refused to allow cross-examination of the Township Engineer and, thus, prevented meaningful review of the Board's decision.

Section 1005–A of the Municipalities Planning Code (MPC)[4] provides in relevant part:

If upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence, provided that appeals brought before the court pursuant to section 916.1 shall not be remanded for further hearings before any body, agency or officer of the municipality.

The question of whether the presentation of additional evidence is to be permitted under this provision is a matter within the discretion of the trial court. *Kossman v. Zoning Hearing Board of the Borough of Green Tree*, 143 Pa.Cmwlth. 107, 597 A.2d 1274 (1991). A trial court must hear additional evidence only "where the party seeking the hearing demonstrates that the record is incomplete because the party was denied an opportunity to be heard fully, or because relevant testimony was offered and excluded." *In re Appeal of Little Britain Township*, 651 A.2d 606, 613 (Pa. Cmwlth.1994). In addition, a trial court may properly refuse to consider additional evidence where that evidence was available

---

3. In a case such as this, where the trial court takes no additional evidence, our standard of review is limited to determining whether the Board's findings are supported by substantial evidence and whether the Board has abused its discretion or committed an error of law. *Centre Lime and Stone Co., Inc. v. Spring*

*Township Board of Supervisors*, 787 A.2d 1105 (Pa.Cmwlth.2001).

4. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11005–A. Section 1005–A was added by the Act of December 21, 1988, P.L. 1329.

at the time of hearing. *Hogentogler v. Windsor Township Zoning Hearing Board,* 65 Pa.Cmwlth. 451, 442 A.2d 834 (1982).

In claiming that the trial court abused its discretion, Objector asserts that the trial court failed to allow her to introduce documents which formed the factual basis of the Board's decision and that the Board excluded most of the evidence presented to it from the record. That assertion is misleading because it ignores that the trial court granted her request for an evidentiary hearing through its October 18, 2004 remand order giving Objector the opportunity to introduce additional evidence into the record and to comment and respond to Developer's submission of evidence regarding how it was going to control stormwater. Although Objector believes that there may be more relevant documents that should have been allowed in the record, she does not have the right to constantly seek to introduce new evidence either to overcome deficiencies in her original presentation of the case or to somehow have the additional documents or testimony lead to a different result. Because Objector received a full and complete hearing, her claim that the trial court abused its discretion by failing to grant her yet another opportunity to add evidence to the certified record is totally devoid of merit.

### B.

■ As to whether the doctrine of judicial estoppel bars the Board from granting Developer conditional final plan approval, Objector contends that in *Morris 1,* the appeal from Developer's preliminary plan approval, the Developer made a representation to this Court that all the conditions attached by the Board and all the requirements of the South Coventry Township Subdivision and Land Development Ordinance of 1983 (Subdivision Ordinance) would be met before the final plan was approved. She points out that in our opinion in *Morris 1,* we emphasized that Developer had accepted conditions subject to the preliminary approval and was required to fulfill those conditions prior to final plan approval, which included approval of all state agency permits. *Morris 1,* 836 A.2d at 1026 ("preliminary subdivision plan approval is conditioned on receipt by the time for final approval of any and all necessary governmental permits and approvals from other governmental agencies, including but not limited to, all those listed in the Township Engineer's letter appended as Exhibit 'A.' ") Because Developer made that representation, Objector claims that under the doctrine of judicial estoppel, the Developer and the Board are precluded from contending that conditional final approval was proper.

■ As a general rule, a party to an action is judicially estopped from assuming a position inconsistent with his or her assertion in a previous action if his or her contention was successfully maintained. *Trowbridge v. Scranton Artificial Limb Company,* 560 Pa. 640, 747 A.2d 862 (2000). The purpose of judicial estoppel is to uphold the integrity of the courts by preventing litigants from "playing fast and loose" with the judicial system by changing positions to suit their legal needs. *Gross v. City of Pittsburgh,* 686 A.2d 864, 867 (Pa.Cmwlth.1996). Judicial estoppel is unlike *res judicata* in that it depends on the relationship of a party to one or more tribunals, rather than on relationships between parties. *See Sunbeam Corporation v. Liberty Mutual Insurance Company,* 566 Pa. 494, 781 A.2d 1189 (2001); *see also Wallace v. Workers' Compensation Appeal Board (Bethlehem Steel/Pa Steel Tech.),* 854 A.2d 613 (Pa.Cmwlth.2004), *petition for allowance of appeal denied,* 584 Pa.

683, 880 A.2d 1242 (2005). According to our Supreme Court, in order to determine if judicial estoppel was appropriately applied by the trial court in the present case, this Court must address: (1) whether Developer/Board has assumed an "inconsistent" position in this litigation from the prior litigation concerning preliminary plan approval and (2) whether Developer/Board "successfully maintained" the position it assumed in the preliminary plan approval litigation. *In re S.A.J.*, 575 Pa. 624, 632–33, 838 A.2d 616, 621 (2003). Because Developer and the Board were successful in the preliminary plan approval litigation, we will focus on prong one of the test to determine whether Developer and the Board assumed an inconsistent position in this litigation from the prior litigation concerning preliminary plan approval.

In this case, Developer and the Board did not take inconsistent positions in the final plan approval litigation because they both did not argue that Developer was no longer required to obtain the necessary state agency permits or approvals in order to receive final plan approval. To the contrary, Developer and the Board had been consistent throughout that the preliminary and final plan approval was conditioned upon Developer receiving the necessary state agency permits. Because no one made any representation that all state permits would be in hand before final plan approval was sought or granted, Objector had not satisfied the first prong of the judicial estoppel test.

## II.

■ As to the propriety of the Board's approval of the final plan, Objector contends that the Board abused its discretion and erred as a matter of law in approving Developer's final plan because the final plan was approved without Developer receiving the required Department of Environmental Protection (DEP) permits, approval from the Delaware Basin River Commission (DRBC) or a compliant stormwater plan approved by the Township Engineer. Objector also asserts that the Board violated its duty by granting final plan approval because Developer did not fulfill all the conditions the Board imposed in its preliminary plan approval.

Inherent in Objector's argument is the suggestion that approval of a final plan with conditions is somehow improper, which is simply not true. A conditional approval of a final plan has been expressly recognized by the MPC. Section 503(9) of the MPC, 53 P.S. § 10503(9), provides that:

The subdivision and land development Subdivision Ordinance may include, but need not be limited to:

(9) Provisions for the approval of a plat, whether preliminary or final, subject to conditions acceptable to the applicant and a procedure for the applicant's acceptance or rejection of any conditions which may be imposed, including a provision that approval of a plat shall be rescinded automatically upon the applicant's failure to accept or reject such conditions within such time limit as may be established by the governing Subdivision Ordinance.

Pursuant to that authorization, Section 407 of the Subdivision Ordinance, which deals with how final plans are to be reviewed, specifically allows the Board to attach conditions to its approval of final plans. Section 407(B)(2) of the Subdivision Ordinance provides in relevant part that:

A decision by the Board to grant approval of the plan, as set forth hereinabove may be made subject to such conditions, changes, modifications, or additions, as are deemed necessary by the Board and specified in the decision. In the event that a plan is approved

subject to such conditions, changes, modifications or additions that the Board may, as a further condition thereto, require: that the applicant indicate its written acceptance of such conditions, changes, modifications or additions within ten days after the date that the decision is personally communicated or mailed to the applicant, and that, absent timely written acceptance by the applicant of such conditions, changes, modifications, or additions, that approval shall thereupon be deemed automatically rescinded.

Under this provision, the Board was authorized to grant final approval with conditions. Not only were the conditions that Objector complained of within the Board's power, the substance of Objector's allegation is false. As best as we can glean, Objector is claiming that under Section 618(A)-(B) of the Subdivision Ordinance,[5] a final plan cannot be approved conditioned upon the later approval of a stormwater plan. Ignoring whether the Township had already approved Developer's proposed solution to any stormwater runoff and approval was only needed from Chester County Conservation District, Section 618(A)-(B) of the Subdivision Ordinance does not at all require any plan to be submitted to obtain final approval. All that it requires is that when soil is disturbed or construction begins stormwater management be accomplished in accordance with the standards set forth in the Subdivision Ordinance.

As to the claim that final plan approval should not be given because state permits have not been received, while Section 407(B)(2) of the Subdivision Ordinance authorizes the Board to impose conditions that it believes are necessary or the final plan approval is denied, Section 407(C)(5) requires the Board to impose conditions where the permits are to be issued by other agencies. Section 407(C)(5) provides:

C. Every Final Plan Approval Shall Be Subject To The Following Conditions:

\* \* \*

5. The submission to the Township of all required permits from agencies having jurisdiction over ancillary matters necessary to effect the subdivision or land development, such as Pennsylvania Departments of Transportation and Environmental [Protection], Public Utility Commission and Chester County Health Department.

Rather than acting as a prohibition against approving a final plan, Section 407(C)(5) of the Subdivision Ordinance, within the overall context of Section 407, is actually a mandate that final plan approval must be conditioned on receipt of state agency approval permits. That provision merely recognizes that once the conditions of its Subdivision Ordinance have been complied with, there is no need to delay in granting final approval because it has exercised all the discretion over all matters over which it had discretion. As we noted

---

5. Section 618 of the Subdivision Ordinance provides in relevant part:

A. The management of stormwater on the site, both during and upon completion of the disturbances associated with the proposed subdivision or land development, shall be accomplished in accordance with the standards and criteria of this Section. The design of any temporary or permanent facilities and structures and the utilization of any natural drainage systems shall be in full compliance of this Ordinance and the interpretations of the Township Engineer.

B. At the time of application for a building permit for any approved lot created by a subdivision and/or improved as a land development under the terms of this Ordinance, issuance of the permit shall be conditioned upon adherence to the terms of this Section.

1221

in *Bloom v. Lower Paxton Township*, 72 Pa.Cmwlth. 532, 457 A.2d 166, 169 (1983), a municipality that grants final plan approval subject to the issuance of required state permits "reflects the fact that the developer has satisfied the municipality's land use requirements, and is in conflict only with regulations of a state agency," and that "any legal dispute regarding the issuance of the permits should involve the developer and the agency, not the municipality." More importantly, that provision recognizes that a final plan cannot be disapproved due to a failure to have those permits. *See also Stein v. Easttown Township Board of Supervisors*, 110 Pa. Cmwlth. 293, 532 A.2d 906 (1987) (where an outside agency's approval is required, the municipality should condition final approval upon obtaining a permit, rather than denying approval of the land development application).

Because Section 407(C)(5) of the Subdivision Ordinance does not require that state permits be issued prior to final plan approval, only that final plan approval is approved conditioned upon receipt of state permits, the Board's conditional final plan approval was proper.

Accordingly, because the trial court did not abuse its discretion in not granting a *de novo* hearing, the doctrine of judicial estoppel does not apply, and the Board's approval of the final plan was proper, we affirm the order of the trial court affirming the Board's decision to grant final plan approval with conditions.

### ORDER

AND NOW, this *9th* day of *May*, 2006, the decision of the Court of Common Pleas of Chester County, dated December 12, 2005, is affirmed.