J. S58001/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WENDY TOMLINSON-RIDGWAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT GREGG RIDGWAY, | : | No. 547 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Decree Entered March 9, 2017,
in the Court of Common Pleas of Cumberland County
Civil Division at No. 2011-03676

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 28, 2017**

Robert Gregg Ridgway ("Husband") appeals from the March 9, 2017 decree entered in the Court of Common Pleas of Cumberland County following entry of the trial court's order denying Husband's petition for declaratory judgment pursuant to 23 Pa.C.S.A. § 3306 and the trial court's order granting the petition to bifurcate divorce and economic claims filed by Wendy Tomlinson-Ridgway ("Wife").  We affirm.

The record reflects that Wife filed a counseled complaint in divorce on April 15, 2011, that alleged, among other things, that the parties married on January 1, 1991.  The complaint included a claim for alimony *pendente lite* ("APL").  On April 20, 2011, the trial court entered an order directing the parties and their respective counsel to appear on May 17, 2011, for a conference regarding APL.  On May 2, 2011, Husband accepted service of

the complaint through his counsel. On May 26, 2011, the trial court entered an order that APL would become final 20 days after mailing of the notice unless either party filed a written demand with the prothonotary. (Order of court, 5/26/11.) Neither party filed a written demand. We further note that Husband never filed an answer to the complaint. Litigation ensued for more than four years when, on October 29, 2015, Husband filed a petition for declaratory judgment pursuant to 23 Pa.C.S.A. § 3306 seeking a declaration of the invalidity of the parties' common-law marriage. (Husband's petition for declaratory judgment pursuant to 23 Pa.C.S.A. § 3306, 10/29/15.) The trial court denied Husband's petition and thereafter denied Husband's request for reconsideration, as well as Husband's subsequent request for a hearing on the matter. Litigation then continued.

On June 3, 2016, Wife filed a petition to bifurcate divorce and economic claims. Husband filed an answer alleging, among other things, that the parties were never married. On August 18, 2016, the trial court granted Wife's bifurcation petition. More litigation ensued. On March 9, 2017, the trial court entered a divorce decree. Husband filed a timely notice of appeal and, absent court order, a "statement of matters complained of on appeal." The trial court then filed an opinion pursuant to Pa.R.A.P. 1925(a) opining that Husband's claims were precluded by judicial estoppel.

Husband raises the following issues for our review:

> [1.] Whether it was an abuse of discretion and/or error of law to deny [Husband's] petition for

> declaratory judgment without establishing a record as to whether the parties ever entered into a valid common law marriage?

> [2.] Whether it was an abuse of discretion and/or error of law to grant [Wife's] petition for bifurcation without establishing a record as to whether the facts supported bifurcation?

Appellant's brief at 4 (capitalization omitted).

"Our standard of review is to determine whether the trial court abused its discretion." ***Bienert v. Bienert***, 168 A.3d 248, 253 (Pa.Super. 2017) (citations omitted). "A finding of abuse of discretion 'requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice or partiality.'" ***Id.*** (citation omitted).

In ***Bienert***, we recently explained the doctrine of judicial estoppel.

> Under this doctrine, "a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." ***Black v. Labor Ready, Inc.***, 995 A.2d 875, 878 (Pa.Super. 2010) (citation omitted). Judicial estoppel "appl[ies] with equal if not greater force when a party switches positions within the same action." ***Ligon v. Middletown Area Sch. Dist.***, 584 A.2d 376, 380 (Pa.Cmwlth. 1990). The purpose of judicial estoppel is "to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires." ***Gross v. City of Pittsburgh***, 686 A.2d 864, 867 (Pa.Cmwlth. 1996).

***Id.*** at 255 (parallel citations and footnote omitted; brackets in original).

In ***Bienert***, wife appealed from the final divorce decree, specifically challenging the order denying a petition that she filed to void the marital property agreement ("MPA") that she signed with her husband just before the parties filed for divorce. (***Id.*** at 250.) Approximately one week after signing the MPA, husband filed a complaint in divorce, and the parties simultaneously filed the MPA and requested that the trial court incorporate it into the final divorce decree. Through counsel, wife filed a petition for APL contending that the MPA did not bar her from receiving APL. Husband maintained that the MPA was a complete and final settlement of the parties' rights and obligations and wife was, therefore, barred from receiving APL. Up to this point in the litigation, wife never challenged the validity of the parties' MPA. (***Id.***)

The trial court then denied wife's petition for APL, wife's counsel withdrew his representation, and wife began to represent herself. (***Id.***) Wife filed various petitions to enforce the MPA with respect to property distribution. (***Id.*** at 250-251.) Husband then filed a contempt petition claiming that wife violated the MPA by failing to remove certain property from the marital residence and by failing to effectuate a title transfer to husband. (***Id.*** at 251.) In response to the contempt petition, wife claimed for the first time during the litigation that she was under duress when she signed the MPA. Thereafter, wife attempted to void the terms of the MPA on grounds of mistake, misrepresentation, or duress. The trial court held that it

was too late for wife to challenge the MPA because it had already based decisions in the case on the MPA, the validity of which had not been previously challenged. (*Id.* at 252.)

Wife then retained new counsel and filed a petition to void the MPA alleging that husband used duress, misrepresentation, and fraud to induce her to execute the MPA. (*Id.*) The trial court denied the petition without a hearing and found the MPA valid and enforceable. (*Id.* at 253.) The trial court then entered a final divorce decree. Wife filed an appeal to this court claiming that the trial court abused its discretion in denying her petition to void the MPA without an evidentiary hearing. On appeal, this court found no abuse of discretion due to the inconsistent positions wife had taken regarding the validity of the MPA through the divorce litigation. (*Id.* at 255-256.) This court also rejected wife's argument that a hearing on the validity of the MPA was required because wife could have raised the MPA's validity in earlier proceedings. (*Id.* at 256.)

***Bienert*** is on-point and controls the outcome of this appeal. Like wife's failure to challenge the validity of the MPA in that case early on in the proceedings, Husband never challenged the validity of the parties' common-law marriage until four and one-half years into the litigation. Husband never raised this challenge in answer to the divorce complaint. Husband never filed a written demand in response to the trial court's order regarding APL. Husband never raised the challenge in any modification of

APL order that he filed. Additionally, Husband never raised it during the proceedings related to distribution of the marital assets. Consequently, Husband is judicially estopped from changing positions now and challenging the validity of the parties' common-law marriage. *See Bienert*, 168 A.3d 248. Finally, Husband grounds his claim that the trial court abused its discretion by granting Wife's bifurcation petition without a hearing on his challenge to the validity of the parties' common-law marriage. Once again, because Husband is judicially estopped from contesting the validity of the marriage now, the trial court did not abuse its discretion in denying Husband a hearing.

Decree affirmed.

Shogan, J. joins this Memorandum.

Gantman, P.J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017