**Edward M. MAZUR, Jeffrey Bull and an unincorporated association; Citizens Against Tax Incremental Financing, Appellants**

v.

**WASHINGTON COUNTY REDEVELOPMENT AUTHORITY, South Strabane Township, Trinity School District, Washington County and William McGowen, as Executive Director of the Washington County Redevelopment Authority.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2006.

Decided June 13, 2006.

Peter M. Suwak, Washington, for appellants.

James H. McCune, Washington, for appellees, Washington County Redevelopment Authority and William McGowen.

1. 65 Pa.C.S. §§ 701–716.

2. Act of July 11, 1990, P.L. 465, *as amended*, 53 P.S. § 6930.1—6930.13.

3. Appellees are Washington County (County), South Strabane Township (Township), Trinity School District (School District) the Wash-

Falco A. Muscante, Pittsburgh, for appellee, Trinity School District.

BEFORE: FRIEDMAN, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

This case offers a first opportunity to examine the interplay of two statutes, the Sunshine Act [1] and the Tax Increment Financing Act (TIF Act).[2] Edward M. Mazur, Jeffrey Bull, and Citizens Against Tax Incremental Financing, an unincorporated association (collectively, Appellants), appeal a decision of the Washington County Court of Common Pleas (trial court) dismissing their complaint seeking declaratory and injunctive relief under the Sunshine Act. In their complaint, Appellants alleged Appellees'[3] TIF study committee (TIF Committee) violated the Sunshine Act by conducting closed committee meetings.

The trial court granted Appellees' joint motion for judgment on the pleadings. For the reasons that follow, we affirm.

## I. Background

Victory Centre, the proposed commercial development, will be located in South Strabane Township, Washington County. It will include a Tanger Factory Outlet, 20 additional stores, a 105–room hotel, and family restaurants. Appellees considered adopting a tax increment financing plan to pay project costs.

Pursuant to Section 5(a) of the TIF Act,[4] representatives from the three taxing bodies met with representatives of the Redevelopment Authority to discuss proposals

ington County Redevelopment Authority (Redevelopment Authority), and its Executive Director, William McGowen (Authority Director).

4. 53 P.S. § 6930.5(a).

for the creation of a TIF district for the development. This group met on three occasions between April and June 2005.

In July 2005, the Redevelopment Authority presented its TIF proposal at a public meeting. During August and September 2005, the Township, County and School District each held public meetings to vote on the TIF proposal.

## II. Pleadings

In the interim, in May 2005 Appellants filed their complaint alleging Appellees violated the Sunshine Act because the TIF Committee meetings were not open to the public. Appellants requested the trial court to enjoin the TIF Committee from any further closed meetings and declare TIF Committee meetings subject to the Sunshine Act.

Appellees filed answers and new matter. The School District and Redevelopment Authority averred the Sunshine Act did not apply to TIF Committee meetings for several reasons: the TIF Committee is not an "agency" as defined by the Sunshine Act; it has no ability or authority to take any action; and, it does not engage in "deliberations" as defined by the Sunshine Act. In addition, they claimed the matter was moot because the TIF Committee completed its discussions and the TIF proposal was presented for public discussion at the July 2005 Redevelopment Authority public meeting.

In response to Appellees' new matter, Appellants averred that the TIF Committee falls within the Act's definition of an "agency." The TIF Committee, Appellants alleged, took "official action" as defined by the Sunshine Act. In support, they argue School District conceded the TIF Committee made "recommendations" to the three taxing bodies.

Appellees jointly filed a motion for judgment on the pleadings. They asserted the TIF Committee took no official action: it did not take any votes, transact any business, or adopt any policies or recommendations. Appellees further alleged Appellants fully participated and had ample opportunity to be heard at the July 2005 Redevelopment Authority meeting; therefore, any purported violation of the Sunshine Act was cured.

Appellants filed a cross-motion for judgment on the pleadings. Citing Appellee School District's new matter, Appellants alleged the TIF Committee took official action, by making recommendations, without holding a public meeting. They further averred the July 2005 meeting was merely a presentation by the Redevelopment Authority at which the TIF Committee did not participate.

## III. Judgment on the Pleadings

Ultimately, the trial court granted Appellees' joint motion for judgment on the pleadings and denied Appellants' cross-motion. The trial court held the TIF Committee was not an *agency* as defined in the Sunshine Act, 65 Pa.C.S. § 703. In the alternative, the trial court held the TIF Committee meetings did not result in any *official action* and the TIF Committee's discussions did not constitute *deliberations* as those terms are defined in the Sunshine Act.

 As a further alternative, the trial court determined the July 2005 public Redevelopment Authority meeting cured any alleged Act violation. Citing *Lawrence County v. Brenner*, 135 Pa.Cmwlth. 619, 582 A.2d 79 (1990), the trial court reasoned that the public meeting and subsequent public votes on the TIF proposal cured any Sunshine Act violation which may have

occurred. Appellants appeal here.[5]

## IV. Discussion

### A. Appellants' Contentions

Appellants first contend the trial court erred because the TIF Committee is an agency as defined in the Sunshine Act, 65 Pa.C.S. § 703, which provides in relevant part:

> The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of all of the following: ... any board, council, authority or commission of the Commonwealth or of any political subdivision of the Commonwealth or any State, municipal, township or school authority ... or similar organizations created by or pursuant to a statute which declares in substance that the organization performs, or has for its purpose the performance of an essential governmental function and through the joint action of its members exercises governmental authority and takes official action.

Because the taxing bodies are agencies, Appellants assert, their designated representatives would constitute a committee of the taxing body to accomplish work on behalf on the main body. Thus, they argue, when a quorum of the committee meets, agency action is occurring under the statute.

Appellants further claim the TIF Committee falls within the *agency* definition in the Sunshine Act because it is created by the TIF Act for the purpose of performing an essential governmental function and, through the joint action of its members, exercises governmental authority and takes official action.

In support, Appellants cite Section 5(a)(2) of the TIF Act, 53 P.S. § 6930.5(a)(2), arguing the TIF Committee is created by this provision. Appellants maintain the TIF Committee undertakes discussion of important matters of public interest and makes recommendations to the represented taxing bodies. *See* Appellants' Complaint, ¶ 11; Reproduced Record (R.R.) at 10a. To the extent committee members formulate, create or support recommendations, Appellants contend they become advocates, not neutral decisionmakers, and that the process should be viewed by the public.

Alternatively, Appellants point out Section 5(a)(2) of the TIF Act requires the Redevelopment Authority to meet with the taxing bodies' representatives to discuss material TIF matters. Because the Redevelopment Authority is an agency covered by the Sunshine Act, its meetings must be open to the public.

### B. Appellees' Contentions

The trial court, Appellees counter, did not err or abuse its discretion by granting judgment on the pleadings. In particular, they assert, the trial court correctly determined the TIF Committee is not an agency as defined by the Sunshine Act.[6]

---

**5.** In an appeal from a decision granting judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Sch. Sec. Servs., Inc. v. Duquesne City Sch. Dist.*, 851 A.2d 1007, 1011, n. 7 (Pa.Cmwlth.2004), *petition for allowance of appeal denied*, 582 Pa. 690, 870 A.2d 325 (2005). When reviewing the trial court's decision, we may consider only the pleadings, accepting as true all well pled statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed. *Id.*

**6.** Appellees also assert Appellants failed to name the TIF Committee as a defendant and that the three taxing bodies and the Redevelopment Authority each held public meetings at which public comment and discussion on

Appellees claim the most relevant provision of the Sunshine Act is 65 Pa.C.S. § 704, which provides: "Official action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public...." They argue the scope of this provision is narrowed by the Sunshine Act's definition of the terms "official action," "deliberation," "meeting" and "agency."

Appellees contend the TIF Committee does not fall within the Act's definition of "agency." Although they concede the three taxing bodies are agencies, Appellees argue representative participation in a TIF Committee does not bring the Committee within the Sunshine Act's agency definition. To do so, Appellees allege, the body or committee must be authorized to take "official action or render advice on matters of agency business...." 65 Pa. C.S. § 703. The TIF Committee, they maintain, is neither a political subdivision nor authorized to take official action.

Because it is undisputed that the TIF Committee does not establish policy, make decisions on agency business, or vote on any motion or proposal made by the Redevelopment Authority, Appellees focus on Appellants' primary argument that the TIF Committee makes recommendations and thus takes official action.[7] The TIF

Committee, Appellees argue, does not make recommendations to anyone, it is merely composed of several representatives from the taxing bodies who meet with the Redevelopment Authority to discuss TIF proposals. The designated representatives then individually convey information to their respective municipalities or school district.

Appellees further contend the TIF Committee is not authorized to engage in "deliberation"[8] as defined by the Act. They argue Pennsylvania case law has created a distinction between "agency deliberation" and "agency discussion." Agency deliberations must be held at a public meeting. Agency discussions need not be held at public meetings. In support, Appellees cite *Conners v. W. Greene Sch. Dist.*, 131 Pa.Cmwlth. 95, 569 A.2d 978 (1989), where we recognized the Sunshine Act does not prohibit private informal discussion between agency members. The Sunshine Act does not limit an agency member to inquiring, questioning or learning about a proposal only at a public meeting. *Id.*

Additionally, School District cites two cases where this Court determined that special commissions, which functioned only in an advisory capacity, did not fall within the agency definition in the previous version of the Sunshine Act.[9] In *Ristau v.*

---

the TIF proposal was permitted. Assuming the TIF Committee was an agency, Appellees contend, it must be named as a defendant within the 30–day period for bring legal challenges specified in the Sunshine Act, 65 Pa. C.S. § 713.

7. The Sunshine Act, 65 Pa.C.S. § 703, defines "official action" as:
 (1) Recommendations made by an agency pursuant to statute, ordinance or executive order.
 (2) The establishment of policy by an agency.
 (3) The decisions on agency business made by an agency.

(4) The vote taken by an agency on any motion, proposal, resolution, rule, regulation, ordinance, report or order.

8. "Deliberation" is defined by the Sunshine Act as "[t]he discussion of agency business held for the purpose of making a decision." 65 Pa.C.S. § 703.

9. Act of July 3, 1986, P.L. 388, *as amended*, repealed by the Act of October 15, 1998, P.L. 729, *formerly* 65 P.S. §§ 217–286. The "agency" definition in the former Act is nearly identical to the "agency" definition in the current Sunshine Act.

*Casey,* 167 Pa.Cmwlth. 118, 647 A.2d 642 (1994), we concluded that a trial court nominating commission, appointed by executive order to assist the Governor in selecting a common pleas judge to fill a vacancy, was not an agency as defined by the Sunshine Act. In *Ristau,* the complainant relied on the "similar organization" language in the Act's agency definition. However, the Court held the nomination commission was not an agency under the Act. It was neither created by statute nor statutorily authorized to perform any essential government function. Rather, its purpose was to make recommendations to the Governor. The Court also noted that the commission did not exercise any governmental authority.

Similarly, in *Fraternal Order of Police, Lodge No. 5 v. City of Phila.,* 92 Pa. Cmwlth. 340, 500 A.2d 900 (1985), we determined that an investigation commission inquiring into the MOVE disaster was not an agency under the Sunshine Act's definition. We noted the commission was a limited-purpose advisory board without authority to make binding recommendations.

### C. Conclusions

■ For several reasons, we conclude the interaction described by Section 5(a)(2) of the TIF Act does not create an agency subject to the Sunshine Act. First, the provision does not create a TIF Committee. Rather, Section 5(a)(2) of the TIF Act [10] merely requires the designated representative of each affected municipality and school district to meet with the developing authority to discuss matters relevant to the TIF proposal. Individual and informal discussions are not precluded. Second, Section 5(a)(2) of the TIF Act does not require any designated representative to act jointly with any other designated representative. Third, the TIF Act does not authorize any designated representative to perform an essential government function, exercise governmental authority or take official action. Within this statutory framework, the reasoning in *Ristau* and *Fraternal Order of Police, Lodge No. 5* applies. Accordingly, we discern no error in the trial court's conclusion that the TIF Committee is not an agency as defined by the Sunshine Act.

■ Given this determination, it is not necessary to fully discuss the alternate rationales adopted by the trial court. It is useful, however, to note the TIF Act requires various public meetings and votes. Section 5(a)(5) of the TIF Act, 53 P.S. § 6930.5(a)(5), requires the municipality creating the TIF district to hold a public meeting concerning the proposed plan for the district. The provision expressly requires that this meeting comply with the Sunshine Act. This provision was satisfied here: the Redevelopment Authority presented the TIF proposal for public discussion and vote at its July 2005 meeting.

Thereafter, pursuant to Section 5(a)(7) of the TIF Act, 53 P.S. § 6930.5(a)(7), each taxing body must take official action to accept or reject the TIF proposal. Here, the Township, County and School District

---

10. Section 5(a)(2) of the TIF Act, 53 P.S. § 6930.5(a)(2), provides:

Each affected municipality and school district shall designate a representative to meet with the authority to discuss the project plan and tax increment financing, and shall notify the authority of its designated representative. The authority shall meet with the designated representative to discuss the creation of the district, the boundaries of the district, development within the district, the tax increment that the municipality and school district would contribute to the tax increment fund, the exclusion of particular parcels of property from the district, tax collection for the district any other matter relevant to the proposed tax increment district.

each must hold a public meeting at which a public vote on the TIF proposal is cast.

In sum, there must be at least four public meetings at which "deliberations" or "official action" take place: the July 2005 meeting at which the Redevelopment Authority presented the TIF proposal; and the subsequent Township, County and School District meetings at which the respective taxing bodies vote on the proposal. Under these circumstances, Appellants' contention that additional, earlier public meetings are needed to shed sunshine on the process is unpersuasive.

For all the reasons discussed, we affirm the trial court.

### *O R D E R*

AND NOW, this 13th day of June, 2006, the order of the Court of Common Pleas of Washington County is **AFFIRMED.**