**In re Appeal of Ryan and Moyer**

C.P. of Montgomery County, no. 08-06653.

Blaine Moyer, pro se.

*Gary P. Lewis* and *Edward A. Skypala,* for defendant West Pottsgrove ZHB.

*Lee D. Mescolotto,* for defendant West Pottsgrove Twp.

ALBRIGHT, *J.,* November 16, 2009—Georgette Moyer, Ryan Moyer and Blaine Moyer appeal from this court's order, dated January 14, 2009, which denied their land use appeal and affirmed the February 13, 2008 decision of the West Pottsgrove Township Zoning Hearing Board. For the reasons that follow, the undersigned believes that the Moyers' appeal is without merit and that the trial court's decision of January 14, 2009 should he affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2007, Georgette and Ryan Moyer (applicants) purchased two parcels of ground located in West Pottsgrove Township and zoned R-2 Residential.[1] These parcels are identified as units 30 and 31 in the Montgomery County Fax Map Block 42. On August 8, 2007, the Township conducted an inspection of the premises and discovered, among other things, a trailer in which the Moyers were living, a blue van, gas tanks, propane tanks, tires, a recreational vehicle with a camper, a separate camper top, trucks with gas pumps on them, a front end loader, a stake-body truck with junk on it, metal debris, a gas-powered generator, a blue storage trailer, and several red trucks. (N.T. 10/10/07, at 26-28.) Two days later, the township's manager, Mr. Edward Whetstone, issued a notice of violation and cease and desist order, dated August 10, 2007, which asserted not only that the applicants were "storing junk vehicles, abandoned ve-

---

1. Blaine Moyer resides at the premises which is the subject of this land use appeal and was permitted to intervene in the applicants' request for zoning interpretation and relief.

hicles, tires, propane, gas pumps and other junk and rubbish on the property," but that they "were conducting an unlawful business and maintaining an unlawful structure by establishing a trailer/mobile home as their residence" in violation of "article V §§700, 701 and 701.1" of the West Pottsgrove Township Zoning Ordinance (Board's decision, 2/13/08, at 3.) The notice of violation stated that the applicants had "10 days from the receipt" of the notice to appeal the township's zoning decision to the board. (Notice of Violation, 8/10/07, at 4.)

On August 24, 2007, the applicants filed an appeal from the above-referenced notice and order to the board, as well as an application seeking an interpretation of and a variance from article VII sections 700, 701 and 701.1 and article IV, sections 405 and 421 of the ordinance to permit a recycling and salvage business on their newly purchased lots. On October 10, 2007, at the first of three hearings before the board, the applicants amended their application by withdrawing their request for a variance and by amending their prior request for relief to include the operation of a "recycling and salvage yard business." On February 13, 2008, following three public hearings on the applicants' appeal and application held on October 10, 2007, November 8, 2007, December 6, 2007, the board issued its 10 page decision and the following order:

"The West Pottsgrove Township Zoning hearing board finds that the applicants have violated §§701 and 701.1 of the West Pottsgrove Township Zoning Ordinance continuously from August 8, 2007 and through the December 6, 2007 zoning hearing board hearing and up-

holds the West Pottsgrove Township Zoning Officer's Notice of Violation as it relates to §§400, 700 and 701.1 and sustains the applicants' appeal as to §§405 and 421." (Board's decision, 2/13/08, at 11.)

Responding to the board's adverse ruling, the applicants, on March 14, 2008, filed their notice of land use appeal with the prothonotary of Montgomery County, the township and Mr. Blaine Moyer thereafter securing their status as intervenors in this case by stipulation filed on May 29, 2008. The parties' positions were eventually briefed and argued before the undersigned, whose order of January 14, 2009, denying the subject appeal and affirming the board's decision, stated, in part, that:

"The board's findings and conclusions that the appellants, in violation of the applicable provisions of the township zoning ordinance, were conducting a recycling, salvage, scrap and/or junkyard business upon the subject premises were amply supported by the substantial evidence produced during the course of the three hearings held in this case. That same evidence further demonstrated unequivocally that any such use of the property in question, claimed by the appellants to be a lawful nonconforming use thereof, had, in fact, been abandoned many years prior to the appellants' purchase of the premises on July 31, 2007. Having reached that conclusion in rejecting the landowners' application for relief, the zoning hearing board of West Pottsgrove Township neither abused its discretion nor committed an error of law.

"Furthermore, the appellants' assertion that the appellee-township's issuance of an allegedly defective notice by someone unauthorized to attend to that responsibility

in some manner violated the appellants' constitutional right to due process and so undermined the board's decision as to suggest that, on that basis alone, it be overturned and reversed, is without foundation or support in the law." (Tr. ct. order, 1/14/09.)

Subsequent petitions filed by Georgette and Ryan Moyer and Blaine Moyer seeking the trial court's reconsideration of its order of January 14, 2009 were denied on February 11, 2009. On February 13, 2009, Georgette, Ryan and Blaine Moyer filed a joint notice of appeal to the Commonwealth Court of Pennsylvania, and, shortly thereafter, Georgette and Ryan Moyer filed and served upon the undersigned their statement of matters complained of on appeal (1925(b) statement), which consists of the following:[2]

"(a) The court failed to recognize that the notice of violation issued by the township manager is invalid and unenforceable. The court erred in law and/or abused its discretion in failing to reverse the zoning hearing board due to the defective notice of violation. Section 1800 of the West Pottsgrove Township Zoning Ordinance specifically states that the zoning officer 'shall not hold any other office in the municipality.' The court ignored such provision despite the fact that Edward Whetstone was the township manager, and signed the notice of violation as the township manager. He *may not* also hold the office of zoning officer, it violates the township's zoning ordinance.

"(b) The court committed an error of law and/or abused its discretion in failing to recognize that the township

2. Transcribed verbatim.

violated section 1801 of the township's zoning ordinance. Such section sets forth the power and duties of the zoning officer. Since Mr. Whetstone was not a legal zoning officer, he is without the power to enforce the township's zoning ordinance. The court failed to recognize that Mr. Whetstone was without proper authority to attempt to enforce the township's zoning ordinance.

"(c) The court committed an error or law and/or abused its discretion when it failed to recognize that appellants' due process rights were violated to the degree the warrants the zoning hearing board's decision to be reversed. The court failed to recognize that section 1806 of the township's zoning ordinance allows 30 days within which to appeal a notice of violation and related issues. It is undisputed that the township only allowed 10 days within which to file an appeal. (See notice of violation.) Such violation of due process *materially* effected the claims and/or defenses appellants could have pursued. The zoning hearing board refused to grant appellants a continuance on the first day of the zoning hearing to amend their zoning appeal application. Such refusal is incredible given that it was the township who wrongfully shortened the appeal period from 30 days to 10 days. This refusal substantially effected appellants due process rights. Appellants could have pursued a validity challenge as the township prohibits junk yards in a de jure manner. (Ordinance 10-5 specifically and unlawfully prohibits junk yards within West Pottsgrove Township.) Such was a viable claim that was refused to be heard by the zoning hearing board in appellants' zoning appeal. Additionally, the township did not adhere to the requirements of section 1801.4 setting forth the require-

ments of the notice of violation. The township did not adhere to such requirements, rendering their notice of violation invalid. Additionally, the township violated section 2001.3 d.) through f.) of their zoning ordinance. The court erred in failing to recognize that such violations by the township, materially violated appellants due process rights, to the point that the zoning hearing board's decision should be reversed. Appellants could not pursue valid defenses/issues because the township did not afford appellants the full 30 days to prepare their appeal.

"(d) The court committed an error of law and/or abused its discretion in failing to grant appellants' motion to present additional evidence in land use appeal. The court denied such motion as "untimely" despite the fact that the controlling statute does not set forth a specified time table to file such a motion. (See 1005-A of the PA Municipalities Planning Code.) The court should have considered the merits of the motion rather than rule that it was "untimely". If the merits of the motion were considered, appellants would have prevailed on such motion. The zoning hearing board considered aerial photographs and related witness testimony from township's witnesses trying to demonstrate that there was no junk yard from the mid 1990s until the Moyers purchased the relevant properties in 2007. However, after the zoning hearings concluded, the Moyers discovered that there was substantial junk found on the adjoining waste management's property that had to be cleared with several dumpsters. Such junk existed from the mid 1990s through 2007. Such junk was not visible from the aerial photographs, and waste management's witness admitted same. It only stands to reason that if you could not see waste

management's junk in the aerial photographs, then you could not see the junk on the Moyer's property. Since this evidence was acquired after the zoning hearings concluded, and considering the zoning hearing board considered such evidence, and same was material, the court should have allowed appellants to present such additional evidence.

"(e) The court committed an error of law and/or abused its discretion in failing to recognize that appellants established the existence of a lawful non-conforming use. The zoning hearing board acknowledged in its finding of fact number 30 that from 1990 through 2007 there WAS activity on the property including the dismantling and removal of things on the property. In accordance with *Heichel v. Springfield Township ZHB,* 830 A.2d 1081 [(Pa. Commw. 2003)] such activity is enough activity to NOT consider the junkyard abandoned. The court has ignored the holding in *Heichel* as well as the other cited cases by appellants (which are incorporated herein by reference as though set forth at length). The township and/or zoning hearing board have not even attempted to distinguish the holding in *Heichel.* The court has failed to consider the testimony of both Rick and Goldia Patten, which clearly establishes the existence of a non-conforming use on the property. Such constitutes an error of law and/or an abuse of discretion.

"(f) The court committed an error of law and/or abused its discretion in failing to recognize the law in the Commonwealth of Pennsylvania that requires that in order for a use to be considered abandoned, it must be established that there was an intent to abandon the use and

that the use had IN FACT been abandoned. (See cases cited in section C of appellants' brief in support of their land use appeal.) "The mere showing of lack of use does not prove abandonment." See *Latrobe Heichel, and Simonitis* cited in brief.

"(g) The court committed and error of law and/or abused its discretion in failing to recognize that the ZHB violated intervenor, Blaine Moyer's due process rights, in failing to allow him to be heard at the zoning hearing. Mr. Moyer attempted to raise several legitimate legal issues at the zoning hearing and his legal positions were summarily dismissed. Similarly, at oral argument on this underlying zoning appeal, the court only allowed Mr. Moyer two minutes to present his legal arguments despite giving the respective attorneys over two hours to present their arguments. Mr. Moyer has every right to be heard just like the other parties and their respective attorneys. The court denied Mr. Moyer a meaningful right to be heard. Only granting two minutes in a complex case such a this is a denial of Mr. Moyer's due process rights. Such denial has adversely impacted appellants' appeal."

Appellant and intervenor, Blaine Moyer, in a separate filing, submitted his own concise statement of errors complained of on appeal asserting that:

"(1) Blaine Moyer, intervenor/appellant in the above captioned matter.

"(2) The court committed an error of law and/or abused its discretion when it blatantly denied the Constitutional rights to due process of the appellants.

"(3) The court committed an error of law and/or abused its discretion in failing to recognize that section 1800 of

the West Pottsgrove Zoning Ordinance specifically states that the zoning officer shall not hold any other office in the municipality.

"(4) The court committed an error of law and/or abused its discretion in failing to recognize that the township violated section 1801 of the West Pottsgrove Zoning Ordinance which sets forth powers and duties of the zoning officer. Since Mr. Whetstone was not a legal zoning officer, he lacks jurisdiction to enforce the townships' zoning ordinance.

"(5) The court committed an error of law and/or abused its discretion in failing to recognize section 1801.4 of the zoning ordinance which requires that service shall be done personally or by registered mail. Mr. Whetstone nullified the duties and powers of the zoning officer.

"(6) The court committed an error of law and/or abused its discretion in failing to recognize that section 1806 of the townships' zoning ordinance allows 30 days, wherein, Mr. Whetstone acting as zoning officer, deliberately only allowed 10 days in which to file an appeal. The township nullified the time allotted for appeal, thereby denying themselves jurisdiction.

"(7) The court committed an error of law and/or abused its discretion in failing to recognize the appellants being denied a validity challenge as the township prohibits junkyards in a de jure manner.

"(8) The court committed an error of law and/or abused its discretion in failing to recognize that article XIX titled zoning hearing board (ZHB) of the township zoning ordinance, under powers and duties section 1901.1, that

decisions and determinations be made and by an administrative official in the enforcement of this ordinance.

"(9) The court committed an error of law and/or abused its discretion in failing to recognize section 2001.3 of zoning ordinance, where it says it 'shall state at least the following requirements.' The notice is defective in that the requirements were not met, thereby denying jurisdiction over the person and property of the appellants.

"(10) The court committed an error of law and/or abused its discretion in failing to grant appellants additional evidence in their land use appeal.

"(11) The court committed an error of law and/or abused its discretion in failing to recognize that the appellants established the existence of a lawful non conforming use in spite of the ZHB' findings of fact number 30, where the findings of fact did not substantuate [sic] the conclusions of the ZHB.

"(12) The court committed an error of law and/or abused its discretion in failing to recognize the law in the Commonwealth of Pennsylvania concerning abandonment of land and intent of abandonment.

"(13) The court committed an error of law and/or abused its discretion in failing to recognize that the ZHB violated intervenor Blaine Moyers' due process rights in failing to allow him to he heard at the zoning hearings.

"(14) The court committed an error of law and/or abused its discretion in failing to allow Mr. Moyer more than two minutes to present his legal arguments, despite giving the representing attorneys over two hours to present their arguments.

"(15) The court committed an error of law and/or abused its discretion in failing to recognize that an original registered copy of the zoning ordinance was not put into evidence as was provided by law.

"(16) The court committed an error of law and/or abused its discretion in failing to recognize the unlawful, defiant trespass of the agents, namely Mr. Whetstone, township policeman; Officer Stoudt and township road-master, which occurred August 8, 2007."

## DISCUSSION

Initially, the court is compelled to address the somewhat vague, often lengthy and occasionally rambling 1925(b) statements filed by both Georgette and Ryan Moyer and the intervenor, Blaine Moyer. The oft-stated and primary purpose of Pa.R.A.P.1925(b) is to require the appellant to identify with certainty each of the issues to be addressed on appeal. *Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa. Super. 2002). Indeed, the failure to adequately "identify in a concise manner the issues sought to be pursued on appeal" hinders the trial court in its "preparation of a legal analysis," and "a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." *Id.* at 37 (citing *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa. Super. 2001)).

It is critical to the proper functioning of the appellate process that meaningful, thorough review of the issues he assured by providing the appellant with the "opportunity to frame his/her on issues which will guide the

trial court's subsequent opinion." *Id.* at 38. It is not the trial court's responsibility to frame the issues for an appellant, either by "guessing or anticipating." *Id.* Should, in fact, the trial court have no other recourse but to resort to such guesswork or anticipation in its attempt to address those issues which it believes the appellant may have intended or sought to raise by a vaguely framed concise statement, then those issues, lacking any specific identification, should be deemed waived and the appeal dismissed or denied. *Id.* at 37-39. Based upon its vagueness and lack of specificity in framing some of the issues complained of on appeal in this case, the 1925(b) statements of both Georgette and Ryan Moyer and Blaine Moyer were, at times, of little help to the trial court as it attempted to identify and address the Moyers' specific contentions of error. Thus, the undersigned will address only those issues which it has cleady discerned and believes are pertinent to a resolution of this appeal.

Where no additional evidence is presented after the decision of a zoning hearing board, the trial court's scope of review is limited to a determination of whether the board abused its discretion or committed an error of law. See *Puleo v. Zoning Hearing Board of Schuylkill Township,* 722 A.2d 789, 790-91 n.2 (Pa. Commw. 1999); *Mazur v. Washington County Redevelopment Authority,* 900 A.2d 1024, 1027 n.5 (Pa. Commw. 2006). Moreover, when no additional evidence is permitted, the court may not consider any issues or arguments that were not raised before the zoning hearing board. *In re Appeal of McGynn,* 974 A.2d 525, 534 (Pa. Commw. 2009); *In re Appeal of Kreider,* 808 A.2d 340, 342 n.4 (Pa. Commw. 2002). An abuse of discretion will be found where the board's find-

ings are not supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh,* 554 Pa. 249, 256, 721 A.2d 43, 46 (1998) (citing *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983)). It is with this standard of review in mind that the undersigned concluded that the board did not abuse its discretion, nor did it commit an error of law in refusing to grant the relief requested by the appellants.

*The Appellants Waived Their Right To Assert That the Notice of Violation Issued By the Township Manager Was Invalid and Unenforceable*

Initially, the appellants claim that the trial court erred in determining that the notice of violation issued by the township manager, Edward Whetstone, was valid. Citing section 1800 of the ordinance, the Moyers contend that Mr. Whetstone, as the township's manager, was not authorized to issue any such notice, thereby rendering the notice given in this case, in essence, a nullity. Though having been made fully aware of Mr. Whetstone's many responsibilities at the hearings held before the board, the applicants did not at any time, either prior to or during the aforementioned hearings, raise the issue of a defective notice of violation issued by the township manager nor challenge its validity. Having failed to do so, the issue was waived, the appellants having failed in the first instance to preserve it before the board. See *e.g., In re Appeal of McGynn,* 974 A.2d at 534: *In re Appeal of Kreider,* 808 A.2d 340, 342 n.4 ("[ A]ny issues or argu-

ments not raised before the ZHB cannot be raised for the first time to common pleas and are waived"). (internal citation omitted)

Nonetheless, in an abundance of caution, the undersigned will address the claim advanced by the appellants. Section 1800 provides, in relevant part, the following:

"*Zoning Officer.* The provisions of this ordinance shall be enforced by an agent, to be appointed by the board of township commissioners, who shall be known as the zoning officer and building inspector. He shall serve at the pleasure of the board of township commissioners and shall receive such fees or compensation as the board of township commissioners may, by resolution, provide. He shall not hold any other office in the municipality." (West Pottsgrove Township Zoning Ordinance, revised 6/30/97, at §1800.)

While section 1800 does, indeed, provide for the appointment of an "agent" to "serve at the pleasure of the . . . township commissioners" in the capacity of the "zoning officer," no such appointment had been made at or immediately prior to the events giving rise to the dispute in this case. Rather, in the absence of any such specific appointment, the evidence in this case clearly indicates that the responsibilities for enforcement of the municipality's "ordinances" had been long since delegated by the township to its manager. Mr. Whetstone readily confirmed that fact and more when asked to describe his duties as township manager, explaining that they involved for the most part "the day-to-day operations of the township;" that he did "code enforcement . . . zoning;" and, that he was "the building code official for the township." (N.T. 10/10/07, at 20.)

Having failed to set forth a statutorily based reference within either the township's ordinances or the Municipalities Planning Code which prohibits the performance of such ministerial tasks by the township manager, undertaken to administer and enforce the land use regulations of the township, the appellants have not demonstrated any support for their proposition that the issuance of the complained-of notice of violation was either unauthorized, invalid or unenforceable. The notice issued fulfilled its purpose, which simply was to place the Moyers on notice of their perceived violations of various municipal duties and regulations and what was required of them to address those violations. The appellants neglected to challenge the township manager's authority before the zoning hearing board, therefore, the issue was waived. However, even had they raised the challenge at that time, the end result would remain the same.

*The Appellants' Agreement to an Extension of Time Within Which to File Their Appeal From the Complained-Of "Notice of Violation" And Their Failure To Pursue a Validity Challenge Constitute Waivers of Those Issues on Appeal.*

The appellants assert that the 10 day appeal period set forth in the township's notice of violation, violated their right to due process insofar as section 1806 of the municipality's zoning ordinance provides for the following: "*Appeals.* An appeal from the decision of the zoning officer shall be taken within 30 days, according to the procedures described herein." (West Pottsgrove Twp. Zon. Ord., Revised 6/30/97, at §1806.)

Admittedly, the township's notice of violation, contrary to section 1806, provided the appellants with only

10 days within which to appeal the decision of the zoning officer, informing them of their perceived violations of the township's ordinances and directing that they comply with those ordinances and immediately "cease and desist the operation of a junkyard" on their property. (See notice of violation, 8/10/07.) What the appellants seem reluctant to acknowledge, however, is the fact that when the 'shortened' notice was brought to the township's attention by the Moyers' attorney, an agreement was reached to extend the appeal period, and the appeal and accompanying application for relief were filed within the time frame agreed upon. (N.T. 10/10/07, at 12.) Accordingly, since the appellants had requested and secured the "few days" additional time within which to file their appeal, the case can certainly be made that the Moyers waived any right to thereafter assert a violation of due process where, in fact, they were given a full and fair opportunity to be present their appeal and accompanying application during the course of the three public hearings conducted before the board in October, November and December of 2007.

The applicants further contend that the township and the board denied them the opportunity to amend their application to assert a challenge to the validity of the township zoning ordinance which they claim, unlawfully prohibited or excluded junk yards from the municipality. The fact of the matter remains, however, that in order to comply with the mandates of the MPC and the ordinance, the board properly determined that it could not entertain a validity challenge requesting a proposed amendment to the Township's zoning ordinance without first advertising such a request in advance of any hearings to be held regarding the matter.

The record reflects that, at the first public hearing held on October 10, 2007, when the board was initially confronted with the appellants' request to amend their application to include the validity challenge, the solicitor for the board, Mr. Edward Skypala Esquire, advised the appellants that any such challenge which could involve a potential "substantial change" in the zoning regulations of the township would, by law, require that it be advertised and denied the Moyers' request to amend their application to include a validity challenge. (N.T. 10/10/07, at 16-17.) Mr. Skypala, however, further advised the appellants, after they renewed their request at the conclusion of the October 10 hearing, that they would he permitted to file another application raising their challenge which would then be advertised—upon payment of the requisite fee to cover the costs of publication[3] in time to enable the Moyers to present the application at the next hearing, scheduled on November 7, 2007. (N.T. 10/10/07, at 16-17, 126-31.) The attorney for the Moyers agreed, stating "[f]air enough." (N.T. 10/10/07, at 128.) Despite their understanding and apparent agreement to the board's proposal, the appellants failed to submit their application and avail themselves of the opportunity given them to present their validity challenge. As such, the opportunity was lost, and any claim to the contrary notwithstanding that they were somehow denied their rights to due process was waived.

Finally, the undersigned is unable to address the appellants' vague and indiscernible complaint that the trial

---

3. Each applicant for an appeal . . . shall, at the time of application, pay a fee . . . for the cost of advertising and mailing notices," etc. [West Pottsgrove Twp. Zon. Ord., Revised 6/30/97, at §1807].

court erred in failing to "recognize" certain undefined "violations" by the township of section 1801.4 and 2001.3(d)-(f) of the ordinance. Left with no other alternative or recourse than to resort to guesswork in order to determine what those alleged "violations" might be and/or how they "materially violated" the due process rights of the appellants effectively forecloses any possible meaningful analysis of that complaint which appears not to have been raised before the zoning hearing board and was neither briefed nor argued before the undersigned.

*The Court Appropriately Denied the Applicants' Motion To Present Additional Evidence in Land Use Appeal*

On the morning of and just prior to the argument scheduled for the trial court's consideration of the appellants' appeal. The Moyers filed a 'motion to present additional evidence in land use appeal.' Neither the appellee board nor the intervenor township had been given the opportunity to respond to the motion until its filing was revealed and the request advanced therein was made to the undersigned at argument. When, during the course of that zoning argument, the motion was raised, the trial court briefly suspended the argument in order to conduct a hearing for the purpose of determining whether the appellants' request should be granted and additional evidence received and entered as part of the record in this case. (N.T. 11/20/08, at 2.) Following the hearing, the trial court denied the Moyers' motion, further clarifying that decision in its order of November 24, 2008, which states that:

"[T]he court finds the motion to be untimely since it was filed the morning of the scheduled argument in appellants' zoning appeal and without ample opportunity provided either the appellee zoning hearing board or intervenor township to submit a formal response thereto. Furthermore, since the "additional evidence" which is the object of the appellants' motion consists of certain photographs taken in January 2008, of property adjacent to the premises which is the subject of this appeal and intended to he offered primarily for the record purpose of impeaching the credibility of a witness or witnesses who testified on behalf of West Pottsgrove Township in opposition to the appellants' application heard in 2007 by the township zoning hearing board, it is unlikely that the appellants would have otherwise prevailed had their motion been timely." (Tr. ct. order, 11/24/08.)

With respect to the requests made to present additional evidence in a land use appeal, section 1005-A of the MPC provides:

"If, upon motion, it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or office whose decision or order has been brought up for review, or may refer the case to a referee to receive additional evidence .... If the record below includes findings of fact made by the governing body, board or agency whose decision or action is brought up for review and the court does not take additional evidence ... the findings of the governing body, board or agency shall not be disturbed by the court if sup-

ported by substantial evidence." 53 P.C.S. §11005-A (West 1997).

The decision to admit additional evidence is solely within the trial court's discretion. *McGrath Construction Inc. v. Upper Saucon Township Board of Supervisors,* 952 A.2d 718, 729 (Pa. Commw. 2008): *Morris v. South Coventry Township Board of Supervisors,* 898 A.2d 1213, 1217 (Pa. Commw. 2006). Only "where the party seeking the hearing demonstrates that the record is incomplete because the party was denied an opportunity to be heard fully, or because relevant testimony was offered and excluded," must a trial court hear additional evidence. *Morris,* 898 A.2d. at 1217 (quoting *In re Appeal of Little Britain Township,* 651 A.2d 606, 613 (Pa. Commw. 1994)).

The "additional evidence" which was the main focus of the appellants' motion consisted of a number of photographs taken, not of the property which is the subject of this appeal, but rather of certain abutting property, severed by conveyance from the appellants' premises approximately seven years prior to the Moyers' purchase of thereof. Aside from the doubtful relevance of these photographs to any substantive issues resolved by the board, these so-called "newly emerged photographs," were apparently taken in January 2008, a month or more *after* the hearings before the board had been concluded and the record closed. (N.T. 11/20/08, at 2.) The photographic evidence which the appellants sought to introduce apparently depicted conditions of a *neighboring premises* only, evidence of which was, admittedly, readily available and could have been gathered and pre-

sented before the board at the time the Moyers' application and appeal was heard. (N.T. 11/20/08, at 9-13.) Even though the evidence was there for the taking at that time, however, it was, apparently, either ignored or overlooked by the appellants. Nevertheless, once the photographs were taken in January 2008, and thereafter placed in the possession of Ryan and Georgette Moyer's attorney in February 2008, it was not until the "eleventh hour," some nine months later, on the morning of the scheduled zoning appeal argument held on November 20, 2008, that the appellants filed their motion to present their "evidence," much to the surprise and consternation of the appellee and the intervenor township. (N.T. 11/20/08, at 15.)

When the motion was presented, the trial court provided the appellees with a full opportunity to be heard and argue the merits of their belated request to secure the admission of evidence which could quite easily have been produced at the hearings held before the board in October, November and December of 2007. Without any plausible or credible explanation given for their failure in that regard, together with the unexplained nine month delay in presenting their request for admission of the disputed evidence, the motion must and should be judged to be untimely and its denial, on that basis alone, was proper. Furthermore, the appellants, in support of their motion, failed to demonstrate that the additional evidence which they sought to introduce, albeit for impeachment purposes only, was either necessary or pertinent to the board's consideration of their land use appeal, the denial of which was clearly supported by the evidence produced in this case.

*The Appellants Failed To Establish Their Right To Conduct a Recycling, Salvage, Scrap and/or Junkyard Business upon the Subject Premises Since That Particular Use and Business Is One Which Is Nonconforming and Not Permitted Within the Zoning District In Which the Property Is Located*

The appellants claim that the court erred in failing to recognize the existence of a lawful nonconforming salvage yard use on their property. At the three public hearings before the board, the appellants put forth evidence, including the testimony of several witnesses, in an attempt to establish that a salvage/junkyard/recycling business existed on the premises at the time they purchased the property in July 2007. While no real dispute exists that the appellants' property once contained a nonconforming salvage yard use,[4] the Moyers take issue with the board's conclusion that the township, through its own evidence and witnesses, met its burden of establishing that such a nonconforming use had long since been abandoned, and that any attempted resurrection of activity in the nature of a recycling, salvage and junkyard business was not permitted and clearly in violation of the applicable zoning regulations of the municipality.

"A lawful nonconforming use establishes in the property owner a vested property right which cannot be abrogated or destroyed unless it is a nuisance, it is abandoned or it is extinguished by eminent domain." *Keystone Outdoor Advertising v. PennDOT,* 687 A.2d 47, 51 (Pa. Commw. 1996); see 53 Pa.C.S. §10107(a). Initially, the

---

4. The township adopted its present ordinance in 1973 and the subject lots were utilized as a scrap said as far back as the 1950s. (N.T. 10/10/07, at 55.)

party asserting abandonment has the burden of establishing that the landowner "(1) intended to abandon the non-conforming use, and (2) actually abandoned the use." *Zitelli v. Zoning Hearing Board of the Borough of Munhall,* 850 A.2d 769, 771 (Pa. Commw. 2004). A presumption of abandonment, however, may arise where a zoning ordinance includes a discontinuance provision, stating that the lapse of a designated period is sufficient to establish the intent to abandon the nonconforming use. *Id.* at 771 (citing *Latrobe Speedway Inc. v. Zoning Hearing Board of Unity Township,* 553 Pa. 583, 592, 720 A.2d 127, 132 (1998). Section 1700.6 of the West Pottsgrove Ordinance provides the following:

"*Abandonment.* If a lawful nonconforming use of a building or other structure is abandoned or discontinued for a continuous period of one year or more, *or if a lawful nonconforming use of land is abandoned or discontinued for a continuous period of six months or more,* subsequent use of such building or structure or land shall be in conformity with the provisions of this ordinance." (West Pottsgrove Township Zoning Ordinance, revised 6/30/97, at §1700.6 (emphasis added.)

Once the intent to abandon is established pursuant to a discontinuance provision, the burden of persuasion shifts to the party challenging the claim of abandonment. *Zitelli,* 850 A.2d at 771, n.3 (citing *Latrobe Speedway Inc.,* 553 Pa. 583, 592, 720 A.2d 127, 132 (1998)). If the challenger is able to introduce evidence of an intent contrary to abandonment, then the presumption of abandonment is rebutted and the burden of persuasion shifts back to the party claiming abandonment. *Id.* (citing *Latrobe Speedway Inc.,* 553 Pa. 583, 592, 720 A.2d 127, 132).

The appellants disagree with the board's conclusion that the nonconforming use was abandoned and assert, instead, that salvage yard activity continued on the premises up and until the time they purchased the property. However, not only did the township present the board with clear and convincing evidence sufficient to support the conclusion that any former nonconforming use of the property as a salvage or junk yard had been abandoned years before the Moyers' purchase of the premises, but the appellants' own witnesses provided similar testimony which only served to bolster and confirm the "township's claim of abandonment. For instance, Mr. Ricky Patten, the son of the property's former owner and who appeared on behalf of the Moyers, testified that "from 1975 to the present," no one had actively worked at the scrap yard on a daily basis" stating that, during that same period, his own activity on the property was "limited" and that he would only "go up there . . . twice a year." (N.T. 10/10/07, at 58, 69-70, 75-76.) Mr. Patten related further that, in or about 1997, he had begun to "clean" the property up for his mother, Ms. Goldia Patten, "for money, to help her out," by "hauling scrap off" of the property "when he had time," and that he no longer spent any time "stripping" automobiles or gas pumps, or burning cars. (N.T. 10/10/07, at 69.)

Similarly, Ms. Goldia Patten, the prior owner, testified that her husband, Richard Patten, suffered a stroke in 1980, and, as a result. his salvage activities on the property were severely limited and, the family, as a result, began removing scrap from the property. (N.T. 10/10/07, at 86-87, 95.) In or about 1990, Ms. Patten explained that her husband became very sick and was no longer able to

visit the property, and that her own visits to the premises were limited to about two weekends a month. (N.T. 10/10/07, at 95-96.) Ms. Patten stated that, from 1990 through 2007, the only activity on the property consisted of dismantling and removing items from the land in preparation for sale. (N.T. 10/10/07, at 97-98.)

John Wardzinski, the district manager for Waste Management, the title owner of the tract of land immediately adjacent to the appellants' ground, in his review of certain photographs taken annually by the Pennsylvania Department of Environmental Protection (DEP) of Waste Management's grounds and surrounding lots, testified that the photographs of the premises take during the years 1994 through 1997 depicted an effort to clean up the property with the removal of certain items. (N.T. 11/8/07, at 99.) Mr. Wardzinski stated that these photographs supported the prior owner, Mrs. Goldia Patten's testimony that "over the years . . . her son worked on cleaning this property up for sale." (N.T. 11/8/07, at 99.) In addition, Mr. Wardzinski testified that, during his tenure as landfill manager, and more specifically from 1996 through 2006, he never saw "anybody conducting any business in the way of storage of vehicles, stripping of vehicles, recycling of vehicles, or any other junking operation on the property." (N.T. 11/8/07, at 92-108.) Instead, Mr. Wardzinski stated that the appellants' property "was basically a wooded area," and that it was not until approximately August 2007, after the Moyers had purchased the tract, that he first noticed the presence of "loaders, trucks, trailers." "a Chevy Suburban there that was just sitting on the ground and didn't have any wheels on it," and heard "generators running" (N.T. 11/8/07, at 108-09.)

Andrew Bealer, who has worked for Waste Management for approximately 34 years and has been an operations manager of the Pottstown landfill since approximately 1990, testified that he recalled visiting Waste Management's site, located next to the appellants' property, in 1994 or 199.5 and never witnessed any salvage operations being conducted on the subject premises, nor did he see at the time any junk cars on the tract. (N.T. 11/8/07, at 139.) In addition, he testified that, starting in 1996, his managerial duties required him to visit Waste Management's site and to monitor its wells, which are approximately 200-300 feet from the Moyers' property, on an almost a daily basis. During that time frame, Mr. Bealer related that he never noticed "any salvage operations, or recycling operations, or cars being stored" on the appellants' property; that he never noticed any such activity being conducted on the premises until August of 2007, shortly following the Moyers' purchase of the ground. (N.T. 11/8/07, at 139-41).

Finally, the West Pottsgrove Chief of Police, Mr. Earl Swavely, Jr., in no uncertain terms, confirmed that the nonconforming salvage yard use previously conducted on the subject property had been abandoned prior to the appellants' purchase of the property. Chief Swavely related that he had been employed by the township for 31 years and that, during his tenure with the township, he frequently had occasion to visit the property in question and "didn't notice anything out of the ordinary, or any accumulation of scrap or anything like that . . .," and, since 1997 had never seen anyone conducting either a recycling or scrap business on the subject premises. (N.T. 12/6/07, at 85.) He emphasized that "never" during his tenure had he seen "200 cars, 200 transmissions, 200

engines, or anything near that number stored anywhere on that property," or "anyone conducting a business in the way of an auto salvage or auto junk yard." (N.T. 12/6/07, at 92-93.) Once the Moyers had purchased the property, Chief Swavely recalled seeing "a lot of stuff there . . . . [a] lot of gas pumps, drums . . . . a diesel truck, a white SUV, a trailer . . . . vehicles . . . . [m]etal"—all of which he had never seen in the prior years he had visited the property. (N.T. 12/6/07, at 87-88.) Interestingly, Chief Swavely stated that much of this "stuff" "appeared to be very similar to what" he had "observed on the Moyer property, along . . . Flag Lane, where Mr. Moyer had his business prior to this, along the railroad siding." (N.T. 12/6/07, at 88.)

A close examination of the record presented in this case clearly demonstrates that the township sustained its burden of establishing that the nonconforming uses that the appellants seek to implement upon their property were abandoned easily more than a decade prior to the Moyers' purchase of the tract. The municipality, having demonstrated hoth the prior owners' intent to abandon the nonconforming use in question, as well as the actual abandonment of the use of the property as either a salvage yard or recycling business, the presumption of abandonment remains unrebutted by the appellants who were unable to produce any credible convincing evidence warranting a contrary finding by the board.

*Neither the Zoning hearing board nor the Trial Court Violated Intervenor, Blaine Moyer's Due Process Rights*

Without the benefit of a specific reference to the record by either the appellants or the intervenor, Blaine Moyer,

the undersigned is unable to determine if the zoning hearing board violated Blaine Moyers' due process rights by "failing to allow him to he heard at the zoning hearing" as claimed. However, the trial court's own review of the record of the hearings conducted before the board found no support for such a claim. To the contrary, it appears that the intervenor was, in fact, permitted to enter his appearance as a party to the proceeding before the board and was thereafter provided with the opportunity to participate in each of the three public hearings scheduled. Mr. Moyer examined and cross-examined certain witnesses who testified in the case, and though he may have disagreed with certain of the rulings made by the attorney for the board and directed toward Mr. Moyer's attempt to inject into the proceeding issues or evidence not relevant, there is no evidence that he was either discriminated against or at any time denied the right to be heard.

On November 20, 2008, the trial court provided all of the parties, including the intervenor, Blaine Moyer, with an extraordinary amount of time to present their arguments in support of their respective positions taken with regard to both the underlying appeal and the last minute motion raised by the appellants to present additional evidence. All of the parties. including the intervenor, had earlier submitted briefs which the trial court read and thoroughly considered beforehand in anticipation of the arguments to he made by the participants. However, many of the arguments raised by the intervenor preliminarily in his brief and at argument were not relevant to the issues which were either presented and considered by the zoning hearing board or properly raised in and made the subject of the appeal of Ryan Moyer and Geor-

gette Moyer. Indeed, contrary to the contention of the appellants and the intervenor, Mr. Moyer, at the time of argument, was permitted the opportunity to be heard. However, it is the trial court's recollection that when he persisted in his attempts to discuss and argue facts not found in the record and issues with no relevance to, or bearing upon, the undersigned's consideration of those raised on appeal, the trial court declined to entertain further argument from Mr. Moyer, following his persistent refusal to abide by the repeated cautions and instructions given him to refrain from his digressions and perceived impertinence.

Contrary to the assertions of the appellants, Ryan and Georgette Moyer, and the intervenor, Blaine Moyer, the zoning hearing board's findings of fact and conclusions of law are amply supported by the substantial evidence produced in this case and the trial court did not err in denying the Moyers' land use appeal and affirming the decision of the board. See *McGrath Construction Inc. v. Upper Saucon Township Board of Supervisors,* 952 A.2d 718, 730 (Pa. Commw. 2008).

## CONCLUSION

In accordance with the aforementioned, the trial court believes that its order, dated January 14, 2009, denying the Moyers' appeal and affirming the decision of the West Pottsgrove Township Zoning Hearing Board, should be affirmed.